UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:26-cv-20744-AHS

JUAN-PABLO MEJIA,

      Plaintiff,

vs.

CEGSOFI-ONTHEMAP LLC
d/b/a ON THE MAP MARKETING, and
CLOUD EQUITY GROUP, LLC,

      Defendants.

_____/

## <u>AMENDED COMPLAINT</u>

    Plaintiff, Juan-Pablo Mejia, sues Defendants, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing and Cloud Equity Group, LLC, as follows:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Juan-Pablo Mejia**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

    2.    **Defendant, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing ("OTM"),** is a *sui juris* Florida for-profit corporation that was authorized to conduct and conducted its for-profit internet marketing and search engine optimization ("SEO") business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

    3.    **Defendant, Cloud Equity Group, LLC,** is a *sui juris* New York for-profit corporation that was authorized to conduct and conducted its for-profit web hosting and cloud-

1

based infrastructure private equity business in New York County, New York, at all times material, where it maintains its principal place of business. It is an owner of OTM and made operational and/or other decisions affecting or regarding the Defendant in his District.

4.      This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over his related claims brought under Florida state law.

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in this District, and because most, if not all, of the operational decisions were made in this District.

6.      Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

7.      Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Juan-Pablo Mejia, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

### *FLSA Jurisdictional Allegations*

8.      Plaintiff consents to participate in this lawsuit.

9.      Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

10.     Plaintiff was a non-exempt employee of the Defendants.

11.     Plaintiff worked as an "SEO Manager" for the Defendants from approximately January 2023 to February 2026.

2

12.     Plaintiff's job duties included improving visibility of client's websites online, planning out content, analyzing client websites to discover technical errors, and implementing and managing SEO and digital marketing strategies.

13.     Plaintiff regularly and routinely performed work related to digital marketing and SEO services that utilized goods, materials, and instrumentalities that moved through interstate commerce, including the regular and recurrent use of computers, computer software, internet-based platforms, web hosting services, analytics tools, search engines, and electronic communications transmitted across state lines in the performance of Plaintiff's job duties.

14.     To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendants are believed to have such records (or the FLSA required Defendants to make and keep these records).

15.     Defendants collectively operated as Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

16.     Defendants regularly employed two or more employees for the relevant time that engaged in interstate commerce and/or handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' internet marketing and SEO business an enterprise covered by and subject to the requirements imposed by the FLSA.

17.     In particular, Defendant, OTM, owns and operates an internet marketing and SEO business that provides digital marketing, SEO, and online advertising services to clients while using payment processing, computers, computer networking equipment, computer software, telephones, telephone equipment, and other goods, materials, and supplies that were previously placed in the

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

18.     Defendant, Cloud Equity Group, LLC, owns and operates a private equity firm and is the owner/controlling entity of Defendant, OTM. Defendant, Cloud Equity Group, LLC, is and was at all relevant times engaged in interstate commerce and the operation and control of OTM's business. In particular, Cloud Equity Group, LLC, exercised ownership and/or managerial control over OTM, including oversight of business operations and financial matters. It also regularly and routinely engaged in interstate commerce as a foreign company that exchanges funds, emails, electronic communications with OTM while utilizing computers, computer software, electronic communication systems, and other goods, materials, and supplies that were previously placed in the stream of commerce from outside of the State of New York to engage in interstate commerce.

19.     Defendants engage in interstate commerce in the course of regular and recurrent sending and/or receipt of money outside of the State of Florida, including through agreements with out-of-state vendors for payment processing, web design, creative and analytics software, and other digital marketing-related goods and services.

20.     Defendants also engage in e-commerce through the internet on their websites, onthemap.com, which is registered through GoDaddy.com, LLC, a foreign corporation, and cloudequitygroup.com, which is registered through eNom, LLC, a foreign corporation.

21.     Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

### *FLSA Minimum Wage Liability and Damages*

22.     The FLSA requires each covered employer to pay each eligible non-exempt employee at least the direct minimum wage of $7.25 per hour.

23.     Defendants did not pay Plaintiff at least the minimum wage of $7.25 per hour by failing to pay him any wages for work the 400 hours of work he performed across:

  **a.** August 1, 2025 – August 15, 2025 (80 hours);

  **b.** August 16, 2025 – August 30, 2025 (80 hours);

  **c.** September 1, 2025 – September 15, 2025 (80 hours);

  **d.** January 15, 2026 – January 31, 2026 (80 hours).

24.     Plaintiff suffered minimum wage damages of $2,320.00 because Defendants did not pay him at least the federal minimum wage of $7.25 per hour for the 320 hours worked during the periods identified above:

25.     Plaintiff is entitled to recover from the Defendants, jointly and severally, $2,320.00 in federal minimum wages not timely paid, plus an equal amount ($2,320.00) as liquidated damages, plus all attorney's fees and costs.

**WHEREFORE** Plaintiff, Juan-Pablo Mejia, demands the entry of a judgment in his favor and against Defendants, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing and Cloud Equity Group, LLC, jointly and severally after trial by jury and as follows:

  a.  That Plaintiff be awarded compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

  b.  That Plaintiff be awarded pre-judgment interest on all unpaid wages if the Court does not award liquidated damages;

  c.  That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

  d.  That Plaintiff be awarded all other interest allowed by law;

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

e.  That the Court declare Defendants to have willfully violated the FLSA; and

f.  Award Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
### (Against CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing)

Plaintiff, Juan-Pablo Mejia, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

26.     Through this claim, Plaintiff seeks recovery of the "gap time" wages that he earned, but did not receive, while working for OTM.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 U.S. Dist. LEXIS 136499 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

27.     Plaintiff and Defendant, OTM, agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate him at a salary of $32,000/year and increased his base salary to $42,000/year on June 15, 2024, payable in bi-monthly installments (Exhibits "A" and "B").

28.     Plaintiff performed under the parties' contract(s)/agreement(s) by doing the work requested of him.

29.     Defendant, OTM, however, failed and refused to perform its obligation to timely pay Plaintiff at the agreed-upon salary of $42,000 in installments owed on every 15th and 30th/31st for the periods referenced in Paragraph 23, thereby materially breaching the parties' contract.

---

[1]     *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

30.     Plaintiff has been damaged in the amount of $7,000 as a direct and proximate result of OTM's breach(es) of the parties' contract through its failure to pay the wages he earned for the work performed for the periods referenced in Paragraph 23 in a timely manner.

**WHEREFORE** Plaintiff, Juan-Pablo Mejia, demands the entry of a judgment in his favor and against Defendant, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing, after trial by jury, for breach of contract damages suffered of $7,000, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Juan-Pablo Mejia, demands a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this 18th day of February 2026, which will affect service on all who appear in this action.

s/Samuel G. Gonzalez, Esq
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Samuel G. Gonzalez, Esq. (1011323)
samuel@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Tel:     305.230.4884
*Counsel for Plaintiff*

7