UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:26-CV-20744-SINGHAL/STRAUSS

JUAN-PABLO MEJIA,

     Plaintiff,

vs.

ON THE MAP, INC.
d/b/a ON THE MAP MARKETING,
CLOUD EQUITY GROUP, LLC, and
RICHARD D. HOSKINS,

     Defendants.

_____/

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND MOTION FOR EXTENSION OF TIME TO PERFECT SERVICE ON CLOUD EQUITY GROUP, LLC

Plaintiff, Juan-Pablo Mejia, through undersigned counsel and pursuant to Fed. R. Civ. P. 4(m) and Local Rule 7.1, respectfully responds to this Court's Order to Show Cause [ECF No. 13], entered April 3, 2026, demonstrates diligent service efforts, and requests a brief 60-day extension to perfect service on Defendant Cloud Equity Group, LLC.

### I.  Relevant Procedural History

1.     On February 4, 2026, Plaintiff filed his two-count Complaint against Defendants, alleging violations of the Fair Labor Standards Act and breach of contract. [ECF No. 1].

2.     On February 5, 2026, the Clerk of this Court issued Summonses for service on all Defendants. [ECF No. 3].

3.      Defendant On The Map, Inc. was successfully served on February 17, 2026, at 2:20 PM, through service on Richard D. Hoskins as its Registered Agent at 7301 N.W. 36th Court, Miami, Florida 33147.

6.      Beginning in February 2026, Plaintiff engaged process servers to effect service on Defendant Cloud Equity Group, LLC ("Cloud Equity Group") at the address of its principal place of business, the office of its registered agent/founder/managing partner Sean Frank, and at Mr. Frank's residential address. Plaintiff's process servers made multiple (at least seven) diligent attempts to perfect service at these addresses.

7.      On April 3, 2026, the Court entered its Order to Show Cause [ECF No. 13], noting that the Complaint was filed on February 4, 2026, but that as of that date there was no indication in the court file that Defendant had been served, and that summonses had not yet been issued. The Court ordered Plaintiff to perfect service upon Cloud Equity Group or show cause why this action should not be dismissed on or before May 5, 2026.

8.      Despite continued diligent efforts, service on Cloud Equity Group at its principal office address and through its registered agent has proven challenging and remains incomplete as of the date of this filing.

## II.  Plaintiff's Diligent Service Attempts on Cloud Equity Group

9.      On February 12, 2026, Plaintiff retained Preferred Process Servers, Inc. to serve Cloud Equity Group.

10.     Plaintiff's process servers thereafter made numerous attempts to serve Cloud Equity Group and/or its registered agent, Sean Frank, at both the company's registered office address and Mr. Frank's residential address.

11.     Specifically, service attempts were made on at least seven occasions—on February 19 and 25; March 5 and 25; April 8 and 15; and May 4, 2026.

12.     At the principal office/registered agent's address, Plaintiff's process servers were repeatedly unable to locate any individual authorized to accept service on behalf of Cloud Equity Group. Building personnel and security staff were likewise unable to contact Mr. Frank or any other individual authorized to accept service during these service attempts.

13.     Similar difficulties were encountered at Mr. Frank's residential address, where Plaintiff's process servers and building personnel were unable to make contact despite multiple attempts at varying dates and times.

14.     Plaintiff has therefore exercised substantial diligence in attempting to perfect service, including retaining professional process servers, conducting skip-trace investigation, and attempting service at multiple locations over the course of several months.

### III.  Good Cause for Extension of Time

22.     Federal Rule of Civil Procedure 4(m) requires a court to extend the time for service upon a showing of good cause.

23.     Good cause exists here because Plaintiff has actively and diligently attempted to perfect service throughout the Rule 4(m) period. Plaintiff promptly retained professional process servers after issuance of the summonses, incurred costs associated with repeated service attempts, and pursued service at multiple known addresses associated with Cloud Equity Group and its registered agent/managing partner.

24.     The failure to complete service thus far is not attributable to neglect or delay by Plaintiff, but rather to circumstances outside Plaintiff's control, including difficulties accessing the

out-of-state commercial office location and inability to contact or locate an authorized representative despite repeated attempts.

25. Moreover, the requested extension will not prejudice Defendants. This action remains in its early stages, no scheduling order has been entered, and discovery has not commenced.

26. By contrast, denying an extension would substantially prejudice Plaintiff by risking dismissal of his claims despite Plaintiff's ongoing and documented efforts to comply with Rule 4(m).

27. Plaintiff therefore respectfully requests a brief sixty (60) day extension to continue efforts to perfect service, including pursuing alternative methods of service authorized under applicable law.

### IV. Legal Basis and Requested Relief

28. Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint within 90 days after the complaint is filed, but provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

29. Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1).

30. Courts routinely grant extensions of time to perfect service where the plaintiff demonstrates diligent efforts to serve despite obstacles beyond the plaintiff's control. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) (good cause exists when plaintiff has acted diligently but been unable to complete service due to circumstances beyond control).

31.     The requested extension is supported by good cause, as Plaintiff has diligently attempted to comply with the Court's service requirements through at least seven documented service attempts at multiple locations, but has been unable to do so due to circumstances beyond Plaintiff's control, including access limitations at the out-of-state corporate office and challenges locating the registered agent.

32.     Courts have long recognized their inherent authority to manage their dockets "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).

33.     Accordingly, Plaintiff respectfully requests that this Honorable Court: (i) accept this filing as Plaintiff's timely Response to the Order to Show Cause [ECF No. 13]; (ii) discharge the Court's Order to Show Cause; (iii) find that Plaintiff has demonstrated good cause for the failure to complete service within the time prescribed by Rule 4(m); (iv) extend the deadline to perfect service on Defendant Cloud Equity Group, LLC by 60 days, through and including July 4, 2026; and (v) grant such other and further relief as the Court deems just and proper.

## LOCAL RULE 7.1 CERTIFICATION

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), the undersigned has been unable to confer regarding the relief requested in this Motion because Defendant Cloud Equity Group, LLC has not yet been served despite Plaintiff's diligent efforts to perfect service, as detailed above, and no counsel has appeared on its behalf. I FURTHER CERTIFY that although Defendant On The Map, Inc. has been served through its registered agent, Richard Hoskins, no counsel has appeared on behalf of that Defendant, and Plaintiff presently does not have contact

information through which to confer regarding the relief sought herein. Accordingly, conferral regarding the instant Motion was not possible.

Respectfully submitted this 5th day of May 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm