UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:26-CV-20744-SINGHAL/STRAUSS

JUAN-PABLO MEJIA,

       Plaintiff,

vs.

ON THE MAP, INC.
d/b/a ON THE MAP MARKETING,
CLOUD EQUITY GROUP, LLC, and
RICHARD D. HOSKINS,

       Defendants.

_____/

## PLAINTIFF'S MOTION TO AUTHORIZE ALTERNATE SERVICE ON DEFENDANT CLOUD EQUITY GROUP, LLC

Plaintiff, Juan-Pablo Mejia ("Plaintiff"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 4(h)(1), 4(e)(1), and 4(m), Florida Statutes § 48.102, and New York Civil Practice Law and Rules § 311-a(b), respectfully moves for entry of an order authorizing alternate service on Defendant, Cloud Equity Group, LLC ("Cloud Equity Group") by a combination of electronic and mail methods reasonably calculated to provide actual notice, and extending the deadline to complete service. In support, Plaintiff states as follows:

### I. Introduction

This Motion is filed in compliance with the Court's May 8, 2026 Order [ECF No. 16], which directed Plaintiff to perfect service on Defendant Cloud Equity Group or file a motion to authorize alternate service by June 5, 2026. Despite exhaustive and diligent efforts over the course of more than three months — including at least seven personal service attempts at two separate

addresses, multiple skip-trace investigations, and an attempt to effectuate substituted service through the New York Secretary of State — Plaintiff has been unable to serve Cloud Equity Group. Plaintiff now seeks judicial authorization for an alternate method of service sufficient to provide Cloud Equity Group with constitutionally adequate notice of this action, including by: (a) email to the known business email address of Cloud Equity Group's managing partner and registered agent, Sean Frank; and/or (b) certified mail, return receipt requested, and first-class U.S. mail to Cloud Equity Group's registered office, principal business address, and the residence of Mr. Frank. In the alternative, and only if the Court deems additional measures necessary, Plaintiff requests authority to effect supplemental service by posting and mailing and/or publication.

## II. <u>Background and Diligent Efforts to Perfect Service</u>

On February 4, 2026, Plaintiff filed his Complaint against Defendants, alleging violations of the Fair Labor Standards Act and breach of contract. Cloud Equity Group, LLC is a domestic New York limited liability company (DOS ID: 4502714) with an active entity status, and has designated the New York Secretary of State as its agent for service of process, with a post-office address for process directed to c/o Sean Frank, 14 Wall Street, 20th Floor, New York, NY 10005. (*See* N.Y. Dept. of State Entity Information for Cloud Equity Group, attached hereto as Exhibit "A"). Sean Frank also serves as Cloud Equity Group's registered agent, with his address listed as 14 Wall Street, 20th Floor, New York, NY 10005. (*Id.*) Electronic service of process through the Secretary of State is not permitted for this entity. Additionally, Cloud Equity Group's own publicly available website, https://www.cloudequitygroup.com/our_team.html, lists Sean Frank's email address as sfrank@cloudequitygroup.com, confirming that this email address is a known and active point of contact for Mr. Frank in his capacity with Cloud Equity Group.

### A. Seven Unsuccessful Personal Service Attempts

Beginning in February 2026, Plaintiff engaged Preferred Process Servers, Inc., a professional process service company, to effect service on Cloud Equity Group at the address of its principal place of business and registered agent, and at the residential address of Sean Frank obtained through skip-trace investigation. Service attempts were made on at least seven occasions: February 19 and 25, March 5, and May 4, 2026. [ECF Nos. 15, 18-1, 18-2]; (*see also* Emails with Plaintiff's Process Server, attached hereto as Exhibit "B" at 12, 26-27, 31, 34).

At Cloud Equity Group's registered office address of 14 Wall Street, 20th Floor, New York, NY 10005, Plaintiff's process server was unable to effect service because there was no one present to accept documents. On May 4, 2026, the process server was specifically informed by building security that the 20th floor is a Regis floor containing multiple offices, and that it is building policy not to allow any process servers up to any Regis floor, making service impossible at that location. (*See* Exhibit "B").

At the residential address of Sean Frank, 56 Leonard Street, #21AE, New York, NY 10013, the process server attempted service on March 25, April 8, and April 15, 2026, and on each occasion the building doorman called up to Mr. Frank's unit but received no answer. (*Id.* at 16).

### B. Unsuccessful Attempt to Serve Through the New York Secretary of State

After exhausting personal service options, Plaintiff directed his process server to proceed with service through the New York Secretary of State in Albany, New York, pursuant to N.Y. Limited Liability Company Law § 303 and Federal Rule of Civil Procedure 4(h)(1)(A) and 4(e)(1). [ECF No. 21-1]; (Exhibit "B" at 1-8). On May 21, 2026 at 11:08 a.m., Plaintiff's process server appeared in person at 99 Washington Avenue, Albany, NY 12231 to serve Cloud Equity Group

through the Secretary of State, but was refused. [ECF No. 21-1]; (Exhibit "B" at 2). Correspondence with Plaintiff's process server reflects that the New York Secretary of State declined to accept service on the stated ground that it "only accepts services for New York State cases." (*Id.*) The Secretary of State provided no documentation or legal authority for this refusal.

Plaintiff's counsel contested this position, noting that N.Y. Limited Liability Company Law § 303(a) designates the Secretary of State as agent for service of process for domestic New York LLCs including in actions pending outside New York, and that neither the statute nor the DOS procedures on their face limit such service to actions filed in New York courts. Despite this, the process server confirmed that the Secretary of State told him they "do not accept any out of state cases" and provided no documentation for that position.

Plaintiff has therefore pursued: ordinary personal service at the registered office; ordinary personal service at the registered agent/managing member's residence; and statutory service through New York's designated service agent. Plaintiff now seeks a court-directed method tailored to the known contact channels most likely to reach Cloud Equity Group.

### III. <u>Legal Basis for Alternate Service</u>

### A. FRCP 4(h)(1) Authorizes the Court to Use Florida and New York Service Law.

Rule 4(h)(1) governs service on a corporation, partnership, or other unincorporated association subject to suit under a common name, including an LLC. Under Rule 4(h)(1)(A), service may be made "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, permits service by "following state law for serving a summons" in either the state where the district court sits or the state where service is made. Fed. R. Civ. P. 4(e)(1).

Because this action is pending in the Southern District of Florida and Cloud Equity Group is being served in New York, both Florida and New York service law are available.

Rule 4(h)(1)(B) separately permits personal delivery to an officer, managing or general agent, or authorized agent. Plaintiff has already attempted the functional equivalent of that route through repeated personal-service efforts directed to Cloud Equity Group's registered office and registered agent/managing member. Those efforts failed despite diligence.

Accordingly, Plaintiff seeks relief under the state-law path incorporated by Rules 4(h)(1)(A) and 4(e)(1). That approach is also the best fit for a domestic defendant located within the United States. *See, e.g., Hanna v. Plumer*, 380 U.S. 460 (1965); *Albra v. Advan, Inc.*, 490 F.3d 826, 829-30 (11th Cir. 2007) (actual notice does not cure defective service); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005); *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281-82 (11th Cir. 2007).

The constitutional standard is settled. Due process requires a method of service "reasonably calculated, under all the circumstances," to apprise the defendant of the action and afford an opportunity to respond. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). And when a party learns that an attempted method has failed, additional reasonable steps may be required where practicable. *Jones v. Flowers*, 547 U.S. 220, 226, 230–34 (2006).

**B. Florida Law Authorizes Service by Other Means, Including Email.**

Florida law provides a strong statutory basis for the requested relief. Section 48.102 provides:

> If, after due diligence, a party seeking to effectuate service is unable to effectuate personal service of process on a domestic or foreign … limited liability company, the court, upon motion and a showing of such inability, may authorize service in

any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity … actual notice of the suit.

Fla. Stat. § 48.102. The statute goes further and expressly states that "[s]uch other manners of service may include service electronically by e-mail or other technology" and that the court may authorize "other methods of service consistent with the principles of due process." *Id.*

This case satisfies section 48.102. Plaintiff exercised due diligence by attempting personal service at the LLC's registered/business office and at the residence of its registered agent/managing member on multiple dates and at varying times, and then by attempting service through the New York Secretary of State. Those efforts show an inability to effectuate ordinary personal service despite diligence.

Florida's LLC service statute, section 48.062, also fits the overall analysis. It confirms Florida's ordinary hierarchy for LLC service and cross-references court-ordered service under section 48.102 when ordinary service cannot be completed. Fla. Stat. § 48.062(4). Although the LLC here is a New York domestic company, section 48.102 independently reaches foreign LLCs and supplies the court-ordered mechanism Plaintiff invokes.

Under Florida law, the Court therefore may authorize service by email to the known company and principal emails, by certified and first-class mail to the registered office and residence. Fla. Stat. § 48.102; *see also Universa Invs. L.P. v. Borodich*, No. 18-cv-24286, 2026 U.S. Dist. LEXIS 32864, at *12-13 (S.D. Fla. Feb. 18, 2026); *Trinidad v. Individuals, P'ships & Unincorporated Ass'ns*, No. 1:23-cv-21791, 2023 U.S. Dist. LEXIS 251093, at *3-5 (S.D. Fla. May 30, 2023); *Chanel, Inc. v. Zhixian*, No. 10-cv-60585, 2010 U.S. Dist. LEXIS 50745 (S.D. Fla. Apr. 29, 2010); *Wise v. Warner*, 932 So. 2d 591 (Fla. 5th DCA 2006); *Smith v. Leaman*, 826 So. 2d 1077 (Fla. 2d DCA 2002).

**C. New York Law Authorizes Court-Directed Alternate Service on an LLC.**

New York law provides an independent and highly specific path because service is being attempted in New York. CPLR 311-a(a) sets the ordinary means of serving a domestic or foreign LLC: personal delivery to a member, manager, authorized agent, or other designated person. N.Y. C.P.L.R. 311-a(a). But subdivision (b) provides the safety valve that matters here: "If service is impracticable under subdivision (a) of this section, it may be made in such manner as the court, upon motion without notice, directs." N.Y. C.P.L.R. 311-a(b).

New York courts construe "impracticable" flexibly. A plaintiff need not show the utter impossibility of service or exhaust every conceivable avenue. Rather, the inquiry is practical and case-specific. *See Markoff v. South Nassau Cmty. Hosp.*, 61 N.Y.2d 283, 288–89, 473 N.Y.S.2d 766, 461 N.E.2d 1253 (1984); *Kelly v. Lewis*, 220 A.D.2d 485, 485, 632 N.Y.S.2d 186 (2d Dep't 1995). The record here more than clears that bar: repeated office attempts, repeated residence attempts, building-access restrictions, and a failed Secretary of State attempt.

Once impracticability is shown, New York courts may fashion alternate service so long as the method is reasonably calculated to provide notice. *See Dobkin v. Chapman*, 21 N.Y.2d 490, 502-06, 289 N.Y.S.2d 161, 236 N.E.2d 451 (1968). Courts applying New York's court-directed service provisions have approved modern electronic methods where supported by the record. *See, e.g., Baidoo v. Blood-Dzraku*, 48 Misc. 3d 309, 315–18, 5 N.Y.S.3d 709 (Sup. Ct. N.Y. Cnty. 2015) (authorizing service through electronic means where likely to give notice); *Snyder v. Alternate Energy Inc.*, 19 Misc. 3d 954, 857 N.Y.S.2d 442 (Sup. Ct. Erie Cnty. 2008) (approving court-directed alternate service on an LLC and related defendants where ordinary methods proved impracticable).

Federal courts in New York, while often applying Rule 4(f)(3) in international cases, apply the same due-process logic and have repeatedly approved electronic means when the record shows the address is known and actively used. *See, e.g., FTC v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at \*3-6 (S.D.N.Y. Mar. 7, 2013); *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 378-80 (S.D.N.Y. 2018). These cases are not direct substitutes for CPLR 311-a(b), but they reinforce the same constitutional point: email is appropriate where it is reasonably likely to reach the defendant.

Plaintiff's proposed methods also harmonize with New York's LLC statutory-agent framework. Under LLC Law section 303(a)(1), service on the Secretary of State is complete when the Secretary of State is personally served in Albany, and the statute then requires the Secretary of State to mail a copy by certified mail to the address on file. N.Y. LLC Law § 303(a)(1). That mailing structure underscores why certified mail and ordinary mail to the registered address are reasonable supplemental methods here.

### D. Proposed Service Methods are Narrowly Tailored and Constitutionally Sound.

Plaintiff seeks a layered service order authorizing service through the methods most likely to provide actual notice to Cloud Equity Group under the circumstances presented here.

First, service by email is warranted because the email address sfrank@cloudequitygroup.com is publicly identified by Cloud Equity Group itself as the email address for Sean Frank, the company's founder, managing partner, and registered agent. Specifically, Cloud Equity Group's website, https://www.cloudequitygroup.com/our_team.html, lists Sean Frank and provides sfrank@cloudequitygroup.com as his direct business email address. By publicly advertising this email address as a means of contacting its principal and registered

agent, Cloud Equity Group has represented that communications directed to that address are reasonably likely to reach Mr. Frank in his capacity as an officer and representative of the company. There is no indication that the email address is inactive, invalid, or otherwise incapable of receiving communications. To the contrary, it remains publicly available on the company's website and serves as one of the primary contact methods that Cloud Equity Group has chosen to provide to the public.

Under these circumstances, service by email to sfrank@cloudequitygroup.com is reasonably calculated to provide Cloud Equity Group with actual notice of this action. Courts routinely authorize email service where the email address is known, actively used, or publicly held out by the defendant as a valid means of communication. Here, the requested method is particularly reliable because the email address belongs to the very individual whom New York law designates as eligible to receive service on behalf of the LLC and whom the company has publicly identified as its principal point of contact. Plaintiff will file proof of transmission and any delivery confirmations received, together with evidence that the email was not returned as undeliverable.

Second, service by certified mail and first-class mail is warranted to Cloud Equity Group's registered office and address for service of process at 14 Wall Street, 20th Floor, New York, New York 10005, and to the residential address of its registered agent and managing partner, Sean Frank, at 56 Leonard Street, Unit 21AE, New York, New York 10013. Both addresses have been confirmed through Plaintiff's investigation and service efforts, and both are locations at which Plaintiff has repeatedly attempted to effect personal service. Certified mail provides a formal record of delivery and receipt attempts, while first-class mail serves as an additional means of ensuring actual notice. Courts have recognized that ordinary mail may succeed where certified mail does

not, particularly where a recipient refuses or fails to claim certified mail. *See Jones v. Flowers*, 547 U.S. 220, 234-35 (2006). Authorizing service by both certified and first-class mail therefore provides a practical and constitutionally sound means of notifying Cloud Equity Group of this action.

Third, if the Court determines that additional relief is warranted, Plaintiff requests authorization for backup service by posting the summons, Complaint, and the Court's Order at Cloud Equity Group's registered office and designated address for service of process, 14 Wall Street, 20th Floor, New York, New York 10005, and/or at the residential address of its registered agent and managing partner, Sean Frank, located at 56 Leonard Street, Unit 21AE, New York, New York 10013, together with mailing copies of those documents to the same addresses. Because both locations have been confirmed through Plaintiff's investigation and prior service efforts, posting and mailing would provide an additional means reasonably calculated to apprise Cloud Equity Group of the pendency of this action.

Taken together, these methods satisfy due process. They are redundant, practical, and directed to contact points the LLC itself selected, used, or held out to the public.

**E. The Secretary of State Refusal Should be Treated as Diligence Evidence, Not as a Merits Issue.**

Plaintiff's unsuccessful attempt to serve Cloud Equity Group through the New York Secretary of State further demonstrates that conventional methods of service have proven impracticable despite Plaintiff's diligent efforts. New York Limited Liability Company Law section 303(a)(1) designates the Secretary of State as agent for service of process for domestic New York limited liability companies and provides that service may be effected by personally delivering

duplicate copies of the process to the Secretary of State in Albany. N.Y. LLC Law § 303(a)(1). The statute does not expressly limit that procedure to actions pending in New York courts.

After repeated unsuccessful attempts to personally serve Cloud Equity Group at its registered office and to serve Sean Frank at his residential address, Plaintiff directed his process server to effect service through the New York Secretary of State pursuant to LLC Law section 303. On May 21, 2026, Plaintiff's process server appeared in person at the Department of State's Albany office for that purpose. According to the process server, Department personnel declined to accept service on the stated ground that the Department "only accepts services for New York State cases." No written authority, policy, or statutory basis for that refusal was provided.

Plaintiff does not ask this Court to adjudicate the propriety of the Department of State's position or to direct a non-party state agency to accept service. Nor is such relief necessary. The relevant point for purposes of this Motion is simply that Plaintiff pursued yet another recognized avenue for serving this Defendant and was unable to complete service through no fault of his own. The attempted Secretary of State service therefore constitutes additional evidence of Plaintiff's diligence and further demonstrates that traditional service methods have proven impracticable under the circumstances presented here.

Taken together, Plaintiff's repeated attempts to serve Cloud Equity Group at its registered office, repeated attempts to serve its registered agent and managing partner at his residence, and unsuccessful effort to effect service through the New York Secretary of State establish that Plaintiff has exercised more than reasonable diligence in attempting to provide Cloud Equity Group with notice of this action. The Court should therefore authorize alternate service through the targeted

methods proposed herein, which are reasonably calculated to provide actual notice and satisfy the requirements of due process.

### IV. <u>Good Cause and Absence of Prejudice</u>

Good cause has been shown to extend the deadline to complete service under Federal Rule of Civil Procedure 4(m). Rule 4(m) requires an extension where the plaintiff shows good cause and permits an extension even absent good cause. Fed. R. Civ. P. 4(m); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005); *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281-82 (11th Cir. 2007).

Good cause exists here because Plaintiff has diligently attempted to serve Cloud Equity Group for more than three months through multiple recognized methods. The failure to complete service is not attributable to any neglect, lack of diligence, or delay by Plaintiff, but rather to circumstances beyond Plaintiff's control, including repeated inability to access Cloud Equity Group's registered office, lack of personnel at the office to accept service, unsuccessful attempts to serve Sean Frank at his residential address, and the New York Secretary of State's refusal to accept service on the company despite Plaintiff's efforts to utilize that statutory service mechanism.

Moreover, because Plaintiff is seeking judicial authorization to employ alternative service methods, an extension of the service deadline is necessary to permit Plaintiff a reasonable opportunity to complete service in accordance with the Court's order. Plaintiff respectfully requests an additional thirty (30) days from the date of the Court's order authorizing alternate service within which to effectuate service through the method or methods approved by the Court and to file proof of service.

Granting this modest extension will not prejudice Cloud Equity Group or any other party. This action remains in its early stages, no scheduling order has been entered, and discovery has not commenced. By contrast, denying an extension would effectively deprive Plaintiff of the opportunity to complete service through the very procedures for which Plaintiff seeks judicial authorization. Under these circumstances, both good cause and the interests of justice support extending the Rule 4(m) service deadline for thirty days following entry of the Court's order.

### V. <u>Conclusion and Requested Relief</u>

WHEREFORE, Plaintiff Juan-Pablo Mejia respectfully requests that this Court enter an Order authorizing alternate service on Defendant Cloud Equity Group, LLC pursuant to Federal Rule of Civil Procedure 4(h)(1)(A), Rule 4(e)(1), Florida Statutes § 48.102, and New York C.P.L.R. § 311-a(b), by permitting Plaintiff to serve Cloud Equity Group through means reasonably calculated to provide actual notice of this action, including: (a) service by email to sfrank@cloudequitygroup.com and any other known email addresses associated with Cloud Equity Group or its registered agent and managing partner, Sean Frank; (b) service by certified mail, return receipt requested, and first-class U.S. mail directed to Cloud Equity Group's registered office located at 14 Wall Street, 20th Floor, New York, New York 10005, and to Sean Frank's known residential address at 56 Leonard Street, Unit 21AE, New York, New York 10013; and (c) such other supplemental means of service as the Court deems appropriate to ensure actual notice. Plaintiff further requests that the Court deem service complete upon transmission of the authorized email and mailing of the authorized service packets, extend the deadline for service pursuant to Federal Rule of Civil Procedure 4(m) for a reasonable period of thirty days following entry of the Court's Order, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of June 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*
