U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $ _____
☐ Return Receipt (electronic)       $ _____        Postmark
☐ Certified Mail Restricted Delivery $ _____        Here
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$
Total Postage and Fees
$ 10.44
Sent To  Cloud Equity Group LLC
Street and Apt. No., or PO Box No.  14 Wall St  FL 20
City, State, ZIP+4®  New York  NY  10005 - 2123

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

STATES DISTRICT COURT

RN DISTRICT OF FLORIDA

MIAMI DIVISION

E NO.: 1:26-CV-20744

nt 1  Entered on FLSD Docket 02/04/2026  Page 1 of 8

ON THE MAP, INC.
d/b/a ON THE MAP MARKETING,
CLOUD EQUITY GROUP, LLC, AND
RICHARD D. HOSKINS,

    Defendants.

_____/

## COMPLAINT

Plaintiff, Juan-Pablo Mejia, sues Defendants, On The Map, Inc. d/b/a On The Map Marketing, Cloud Equity Group, LLC, and Richard D. Hoskins, as follows:

### Parties, Jurisdiction, and Venue

1. **Plaintiff, Juan-Pablo Mejia,** is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Defendant, On The Map, Inc. d/b/a On The Map Marketing ("OTM"),** is a *sui juris* Florida for-profit corporation that was authorized to conduct and conducted its for-profit internet marketing and search engine optimization ("SEO") business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3. **Defendant, Cloud Equity Group, LLC,** is a *sui juris* New York for-profit corporation that was authorized to conduct and conducted its for-profit web hosting and cloud-based infrastructure private equity business in New York County, New York, at all times material,

1

where it maintains its principal place of business. It is an owner of OTM and made operational and/or other decisions affecting or regarding the Defendant in his District.

4. **Defendant, Richard D. Hoskins,** was and is an owner/officer/director of the corporate Defendant, OTM, during the time relevant to this lawsuit. He is a resident of Monroe County, Florida, who oversaw the day-to-day operations of the corporate Defendant, was responsible for significant operational decisions, and was partially or totally responsible for paying the Plaintiff's wages.

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over his related claims brought under Florida state law.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in this District, and because most, if not all, of the operational decisions were made in this District.

7. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

8. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## <u>COUNT I – FLSA MINIMUM WAGE VIOLATION(S)</u>

Plaintiff, Juan-Pablo Mejia, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

### *FLSA Jurisdictional Allegations*

9. Plaintiff consents to participate in this lawsuit.

2

10.     Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

11.     Plaintiff was a non-exempt employee of the Defendants.

12.     Plaintiff worked as an "SEO Manager" for the Defendants from approximately January 2023 to February 2026.

13.     Plaintiff's job duties included improving visibility of client's websites online, planning out content, analyzing client websites to discover technical errors, and implementing and managing SEO and digital marketing strategies.

14.     Plaintiff regularly and routinely performed work related to digital marketing and SEO services that utilized goods, materials, and instrumentalities that moved through interstate commerce, including the regular and recurrent use of computers, computer software, internet-based platforms, web hosting services, analytics tools, search engines, and electronic communications transmitted across state lines in the performance of Plaintiff's job duties.

15.     To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendants are believed to have such records (or the FLSA required Defendants to make and keep these records).

16.     Defendants collectively operated as Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

17.     Defendants regularly employed two or more employees for the relevant time that engaged in interstate commerce and/or handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' internet

3

marketing and SEO business an enterprise covered by and subject to the requirements imposed by the FLSA.

18.     In particular, Defendant, OTM, owns and operates an internet marketing and SEO business that provides digital marketing, SEO, and online advertising services to clients while using payment processing, computers, computer networking equipment, computer software, telephones, telephone equipment, and other goods, materials, and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

19.     Defendant, Cloud Equity Group, LLC, owns and operates a private equity firm and is the owner/controlling entity of Defendant, OTM. Defendant, Cloud Equity Group, LLC, is and was at all relevant times engaged in interstate commerce and the operation and control of OTM's business. In particular, Cloud Equity Group, LLC, exercised ownership and/or managerial control over OTM, including oversight of business operations and financial matters. It also regularly and routinely engaged in interstate commerce as a foreign company that exchanges funds, emails, electronic communications with OTM while utilizing computers, computer software, electronic communication systems, and other goods, materials, and supplies that were previously placed in the stream of commerce from outside of the State of New York to engage in interstate commerce.

20.     Defendants engage in interstate commerce in the course of regular and recurrent sending and/or receipt of money outside of the State of Florida, including through agreements with out-of-state vendors for payment processing, web design, creative and analytics software, and other digital marketing-related goods and services.

4

21.     Defendants also engage in e-commerce through the internet on their websites, onthemap.com, which is registered through GoDaddy.com, LLC, a foreign corporation, and cloudequitygroup.com, which is registered through eNom, LLC, a foreign corporation.

22.     Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

### *FLSA Minimum Wage Liability and Damages*

23.     The FLSA requires each covered employer to pay each eligible non-exempt employee at least the direct minimum wage of $7.25 per hour.

24.     Defendants did not pay Plaintiff at least the minimum wage of $7.25 per hour by failing to pay him any wages for work the 400 hours of work he performed across:

    **a.**  August 1, 2025 – August 15, 2025 (80 hours);

    **b.**  August 16, 2025 – August 30, 2025 (80 hours);

    **c.**  September 1, 2025 – September 15, 2025 (80 hours);

    **d.**  December 1, 2025 – December 15, 2025 (80 hours); and

    **e.**  January 15, 2026 – January 31, 2026 (80 hours).

25.     Plaintiff suffered minimum wage damages of $2,900.00 because Defendants did not pay him at least the federal minimum wage of $7.25 per hour for the 400 hours worked during the periods identified above:

26.     Plaintiff is entitled to recover from the Defendants, jointly and severally, $2,900.00 in federal minimum wages not timely paid, plus an equal amount ($2,900.00) as liquidated damages, plus all attorney's fees and costs.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

WHEREFORE Plaintiff, Juan-Pablo Mejia, demands the entry of a judgment in his favor and against Defendants, On The Map, Inc. d/b/a On The Map Marketing, Cloud Equity Group, LLC d/b/a Cloud Equity Group, and Richard D. Hoskins, jointly and severally after trial by jury and as follows:

   a. That Plaintiff be awarded compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff be awarded pre-judgment interest on all unpaid wages if the Court does not award liquidated damages;

   c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff be awarded all other interest allowed by law;

   e. That the Court declare Defendants to have willfully violated the FLSA; and

   f. Award Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
### (Against On The Map, Inc. d/b/a On The Map Marketing)

Plaintiff, Juan-Pablo Mejia, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

27.    Through this claim, Plaintiff seeks recovery of the "gap time" wages that he earned, but did not receive, while working for OTM.[1] *See e.g., Jernigan v. 1st Stop Recovery, Inc.,* 2017 U.S. Dist. LEXIS 136499 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.,* 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein,* 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.,* 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield,* Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

---

[1]    *Thrower v. Peach County, Georgia, Bd. of Educ.,* 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

6

28.     Plaintiff and Defendant, OTM, agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate him at a salary of $32,000/year and increased his base salary to $42,000/year on June 15, 2024, payable in bi-monthly installments (Exhibits "A" and "B").

29.     Plaintiff performed under the parties' contract(s)/agreement(s) by doing the work requested of him.

30.     Defendant, OTM, however, failed and refused to perform its obligation to timely pay Plaintiff at the agreed-upon salary of $42,000 in installments owed on every 15th and $30^{th}/31^{st}$ for the periods referenced in Paragraph 24, thereby materially breaching the parties' contract.

31.     Plaintiff has been damaged in the amount of $8,076.90 as a direct and proximate result of OTM's breach(es) of the parties' contract through its failure to pay the wages he earned for the work performed for the periods referenced in Paragraph 24 in a timely manner.

WHEREFORE Plaintiff, Juan-Pablo Mejia, demands the entry of a judgment in his favor and against Defendant, On The Map, Inc. d/b/a On The Map Marketing, after trial by jury, for breach of contract damages suffered of $8,076.90, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Juan-Pablo Mejia, demands a trial by jury of all issues so triable.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this 4th day of February 2026, which will affect service on all who appear in this action.

s/Samuel G. Gonzalez, Esq
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Samuel G. Gonzalez, Esq. (1011323)
samuel@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| JUAN-PABLO MEJIA | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  1:26-CV-20744 SINGHAL |
| | ) | |
| ON THE MAP, INC. | ) | |
| d/b/a ON THE MAP MARKETING, | ) | |
| CLOUD EQUITY GROUP, LLC, AND | ) | |
| RICHARD D. HOSKINS | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Cloud Equity Group, LLC
14 Wall Street, 20th Floor
New York, New York 10005

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Brian H. Pollock, Esq.
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884
brian@fairlawattorney.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**SUMMONS**

Date:  _____ 02/05/2026 _____

*s/ Patricia Curtis*

Deputy Clerk
U.S. District Courts

Angela E. Noble
Clerk of Court

Case 1:26-cv-20744-AHS   Document 20   Entered on FLSD Docket 05/20/2026   Page 1 of 1

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| JUAN-PABLO MEJIA <br><br><br> *Plaintiff(s)* <br> v. <br><br> ON THE MAP, INC. <br> d/b/a ON THE MAP MARKETING, <br> CLOUD EQUITY GROUP, LLC, and <br> RICHARD D. HOSKINS <br> *Defendant(s)* | Civil Action No.  1:26-cv-20744-AHS |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Cloud Equity Group, LLC
c/o New York Secretary of State
One Commerce Plaza
99 Washington Avenue, 6th Floor
Albany, NY 12231

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Brian H. Pollock, Esq.
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884
brian@fairlawattorney.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:   May 20, 2026

Angela E. Noble
Clerk of Court

**SUMMONS**

*s/ C. A. Weech*

Deputy Clerk
U.S. District Courts

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-20744-CIV-SINGHAL/STRAUSS

JUAN-PABLO MEJIA,

       Plaintiff,

vs.

ON THE MAP, INC.
d/b/a ON THE MAP MARKETING,
CLOUD EQUITY GROUP, LLC, and
RICHARD D. HOSKINS,

       Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO AUTHORIZE ALTERNATE SERVICE ON DEFENDANT CLOUD EQUITY GROUP, LLC[1]

**THIS CAUSE** came before the Court on Plaintiff Juan-Pablo Mejia's Motion to Authorize Alternate Service on Defendant Cloud Equity Group, LLC (DE [22]) (the "Motion"). The Court, having reviewed the Motion, accompanying exhibits, the record, and being otherwise fully advised, determines that Plaintiff has demonstrated, through diligent and exhaustive efforts spanning more than three months, an inability to effectuate personal service on Cloud Equity Group, LLC through conventional means, and that the proposed alternate methods of service are reasonably calculated to provide Cloud Equity Group, LLC with constitutionally adequate notice of this action. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      The Motion (DE [22]) is **GRANTED.**

2.      Plaintiff is authorized to effect alternate service on Defendant Cloud Equity

---

[1] The Court adopts the language proposed by Plaintiff with minor alterations.

Group, LLC pursuant to Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1), Florida Statutes § 48.102, and New York Civil Practice Law and Rules § 311-a(b), by the following methods:

(a) **Email Service**: Plaintiff shall serve the summons, Complaint, and a copy of this Order on Cloud Equity Group, LLC by transmitting those documents by email to sfrank@cloudequitygroup.com, the publicly advertised business email address of Sean Frank, Cloud Equity Group, LLC's founder, managing partner, and registered agent; **and**

(b) **Certified and First-Class Mail**: Plaintiff shall serve the summons, Complaint, and a copy of this Order on Cloud Equity Group, LLC by certified mail, return receipt requested, and by first-class U.S. mail to:

　i. Cloud Equity Group, LLC's registered office and address for service of process at 14 Wall Street, 20th Floor, New York, New York 10005; **and**

　ii. The residential address of Cloud Equity Group, LLC's registered agent and managing partner, Sean Frank, at 56 Leonard Street, Unit 21AE, New York, New York 10013; and

(c) **Supplemental Service**: If additional measures are necessary, Plaintiff is authorized to effect supplemental service by posting the summons, Complaint, and this Order at the registered office located at 14 Wall Street, 20th Floor, New York, New York 10005, and/or at 56 Leonard Street, Unit 21AE, New York, New York 10013, together with mailing copies of those documents to the same addresses.

3. Service shall be deemed complete upon Plaintiff's transmission of the authorized email and mailing of the authorized service packets pursuant to paragraph 2 above.

4. Plaintiff shall file proof of service within seven (7) days of completing service under this Order, including any email transmission confirmations, proof emails were not returned as undeliverable, certified mail receipts, and/or affidavits of service by mail.

5. The deadline for Plaintiff to complete service on Defendant Cloud Equity Group, LLC under Federal Rule of Civil Procedure 4(m) is hereby **extended for thirty (30) days** from the date of this Order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 18th day of June 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel of record via CM/ECF