UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:26-CV-20744-SINGHAL/STRAUSS

JUAN-PABLO MEJIA,

Plaintiff,

vs.

ON THE MAP, INC.
d/b/a ON THE MAP MARKETING,
CLOUD EQUITY GROUP, LLC, and
RICHARD D. HOSKINS,

Defendants.
_________________________________/

**PLAINTIFF'S NOTICE OF INTENT TO FILE AMENDED COMPLAINT AND MOTION TO AUTHORIZE ALTERNATE SERVICE OF AMENDED COMPLAINT**

Plaintiff, Juan-Pablo Mejia, through undersigned counsel, hereby notifies the Court that he intends to file an Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Plaintiff further moves for entry of an Order authorizing him to serve Defendant Cloud Equity Group, LLC, and the putative new Defendant CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing ("CEGSOFI"), with the Amended Complaint by alternate methods of service reasonably calculated to provide actual notice. In support, Plaintiff states as follows:

## I. INTRODUCTION

1. Plaintiff intends to file an Amended Complaint: (i) adding three additional Plaintiffs, Kalia Cabello, Brayan Lara, and Anthony Quintero; (ii) removing On The Map, Inc. and Richard D. Hoskins as Defendants; and (iii) adding CEGSOFI as a Defendant.

2. Plaintiff's original Complaint named three Defendants: On The Map, Inc. d/b/a On The Map Marketing, Cloud Equity Group, LLC, and Richard D. Hoskins. [*See* ECF No. 1]. The original Complaint asserts FLSA minimum wage and breach of contract claims on behalf of Juan-Pablo Mejia. Plaintiff Mejia's claims will remain substantively the same in the Amended Complaint.

3. Plaintiff does not seek leave of Court to file the Amended Complaint because no Defendant has filed a responsive pleading or motion under Rule 12(b), (e), or (f), and Rule 15(a)(1)(B) permits Plaintiff to amend once as a matter of course under those circumstances.

4. The Eleventh Circuit Court of Appeals has recognized that where no defendant has filed a responsive pleading, a plaintiff may file an amended complaint without consent of the defendants or leave of court. *Iriele v. Griffin*, 65 F.4th 1280, 1286-87 (11th Cir. 2023).

5. Plaintiff files this Motion not to request permission to amend the Complaint, but to notify the Court of the forthcoming amendment and to request authorization to serve both Cloud Equity Group, LLC and the putative new Defendant CEGSOFI with the Amended Complaint by alternate means.

6. Out of an abundance of caution, Plaintiff alternatively and respectfully requests leave to amend under Federal Rule of Civil Procedure 15(a)(2), to the extent leave is deemed necessary.

## II. BASIS FOR THE AMENDED COMPLAINT

7. The forthcoming Amended Complaint will add as plaintiffs three individuals who contacted the undersigned firm for representation after Plaintiff Mejia filed the original Complaint: Kalia Cabello, Brayan Lara, and Anthony Quintero. These putative Plaintiffs were employees of

the same employer(s) as Plaintiff Mejia and seek unpaid wages arising from Defendants' non-payment during the same approximate time period.

8. Putative Plaintiff Kalia Cabello will assert claims for violations of the Fair Labor Standards Act's minimum wage and overtime provisions, as well as breach of contract.

9. Putative Plaintiffs Brayan Lara and Anthony Quintero will assert claims for breach of contract.

10. Plaintiff also intends to amend the defendant parties because counsel for Defendants Richard D. Hoskins and On The Map, Inc. contacted undersigned counsel and advised that Mr. Hoskins sold On The Map, Inc. to CEGSOFI—another company owned by Sean Frank (the founder, managing partner, and registered agent of Defendant Cloud Equity Group, LLC)—in 2023.

11. The timing of the alleged unpaid wages further supports the amendment. Plaintiff Mejia and the three putative Plaintiffs seek wages earned and owed during 2025 and 2026, after the reported 2023 sale of On The Map, Inc. to CEGSOFI. The Amended Complaint therefore will name CEGSOFI along with Cloud Equity Group, LLC as the Defendant entities which employed Plaintiffs during the relevant wage periods.

12. Plaintiff is also aware of related litigation between Hoskins/On The Map and CEGSOFI/Frank in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2023-022087-CA-01, which further supports Plaintiff's understanding regarding the sale and proper party structure. (*See* Verified Complaint, *On The Map, Inc. & Richard D. Hoskins v. Sean Frank & CEGSOFI-ONTHEMAP LLC*, attached hereto as Exhibit "A").

13. The amendment will promote efficiency by allowing related unpaid wage claims arising from the same approximate period of non-payment and involving the same employer structure to proceed in one action.

## III. ALTERNATE SERVICE IS WARRANTED FOR CLOUD EQUITY GROUP, LLC

14. Although Cloud Equity Group, LLC was served with the original Complaint pursuant to this Court's June 18, 2026 Order, the Amended Complaint will assert new claims for relief against Cloud Equity Group on behalf of the three putative Plaintiffs. Accordingly, Plaintiff seeks authorization to serve the Amended Complaint on Cloud Equity Group under Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.").

15. On June 18, 2026, this Court entered an Order granting Plaintiff's Motion to Authorize Alternate Service on Defendant Cloud Equity Group, LLC after finding that Plaintiff had demonstrated diligent and exhaustive efforts spanning more than three months and an inability to effectuate personal service on Cloud Equity Group through conventional means. [ECF No. 23].

16. The Court authorized Plaintiff to serve Cloud Equity Group by email to sfrank@cloudequitygroup.com and by certified and first-class mail to Cloud Equity Group's registered office at 14 Wall Street, 20th Floor, New York, New York 10005, and to Sean Frank's residential address at 56 Leonard Street, Unit 21AE, New York, New York 10013. [*Id.*]

17. The Court further authorized supplemental service by posting and mailing if additional measures became necessary and deemed service complete upon transmission of the authorized email and mailing of the authorized service packets. [*Id.*]

18. The Court required Plaintiff to file proof of service within seven days after completing service, including email transmission confirmations, proof the emails were not returned as undeliverable, certified mail receipts, and/or affidavits of service by mail. [ECF No. 23].

19. Plaintiff now requests authorization to serve the Amended Complaint on Cloud Equity Group, LLC through the same alternate-service methods previously approved by the Court, pursuant to Federal Rule of Civil Procedure 4(h)(1)(A) and 4(e)(1), Florida Statutes § 48.102, and New York Civil Practice Law and Rules § 311-a(b) — the same statutory and rule-based authority on which the Court's June 18, 2026 Order relied. [ECF No. 23].

20. The circumstances supporting alternate service remain the same. Cloud Equity Group remains a Defendant, the Court has already found the approved service methods reasonably calculated to provide constitutionally adequate notice, and requiring Plaintiff to restart unsuccessful conventional service efforts would cause unnecessary delay and expense.

## IV. ALTERNATE SERVICE IS WARRANTED FOR CEGSOFI-ONTHEMAP LLC

21. The Florida Division of Corporations identifies CEGSOFI as an active Florida limited liability company, with a principal address and mailing address at 14 Wall Street, Suite 2036, New York, New York 10005. (*See* Florida Division of Corporations (Sunbiz) Detail by Entity Name for CEGSOFI-ONTHEMAP LLC, attached hereto as Exhibit "B").

22. Although the Florida Division of Corporations lists "Business Filings Incorporated," 1200 South Pine Island Road, Plantation, Florida 33324, as CEGSOFI's registered agent (*see id.*), Business Filings Incorporated filed its Statement of Resignation of Registered Agent on December 1, 2025. (*See* Statement of Resignation of Registered Agent for CEGSOFI, attached hereto as Exhibit "C").

23. The current Sunbiz page for CEGSOFI notes that "Registered Agent Resigned: 12/01/2025[.]" (*See* Exhibit "B"). Accordingly, CEGSOFI appears to have no current appointed registered agent for service of process.

24. The Florida Division of Corporations identifies CEGSOFI's authorized persons as: (i) "CEGSOFI-BRIGHTWORKSDIGITAL LLC," 14 Wall Street, Suite 2036, New York, New York 10005; and (ii) Gary Li, 14 Wall Street, New York, New York 10005. (*See* Exhibit "B").

25. Gary Li is publicly listed by the Florida Division of Corporations as an authorized person for CEGSOFI. Plaintiff's counsel has also identified gli@cloudequitygroup.com as the email address listed for Mr. Li on Cloud Equity Group's website, and Plaintiffs communicated with Mr. Li at that email address during their employment. Service by email to Mr. Li is therefore reasonably calculated to provide actual notice to CEGSOFI.

26. CEGSOFI's principal office, mailing address, and publicly listed authorized-person addresses therefore direct Plaintiff back to the same 14 Wall Street location in New York associated with Cloud Equity Group and Sean Frank. (*See* Exhibit "B").

27. Plaintiff previously attempted service on Cloud Equity Group at 14 Wall Street, 20th Floor, New York, New York 10005 multiple times, but service could not be completed because the location is a Regus shared/virtual office space.

28. In the prior alternate-service motion [ECF No. 22], Plaintiff explained that at Cloud Equity Group's 14 Wall Street registered office, the process server was unable to effect service because no one was present to accept documents and, on May 4, 2026, building security advised that the 20th floor is a Regus floor containing multiple offices and that building policy did not allow process servers up to any Regus floor.

29. That same practical obstacle applies to CEGSOFI because its Sunbiz record lists 14 Wall Street, Suite 2036, New York, New York 10005 as its principal address, mailing address, and authorized-person address—the same Regus office listed as the principal place of business and registered agent office as Cloud Equity Group, LLC.

30. Florida law confirms that alternate service is appropriate in these circumstances. Fla. Stat. § 48.062 provides that a domestic LLC may be served through its registered agent, but if service cannot be made because the LLC ceases to have a registered agent, process may be served on a manager, member, or person listed publicly on the latest annual report.

31. Fla. Stat. § 48.062 further provides that if, after due diligence, service cannot be completed through those methods, service may be made through the Secretary of State under Fla. Stat. § 48.161 or by court order under Fla. Stat. § 48.102.

32. Fla. Stat. § 48.102 authorizes a court, upon motion and a showing that personal service cannot be effectuated despite due diligence, to authorize service on a domestic or foreign LLC in any other manner reasonably effective to give the entity actual notice, including service electronically by email or other technology.

33. Because CEGSOFI's registered agent has resigned, and because the entity's public addresses point to the same Regus/14 Wall Street location where Plaintiff's prior service efforts against Cloud Equity Group failed, Plaintiff respectfully requests that the Court authorize alternate service on CEGSOFI.

## V. THE PROPOSED ALTERNATE METHODS ARE REASONABLY CALCULATED TO PROVIDE ACTUAL NOTICE

34. Federal Rule of Civil Procedure 4(h)(1)(A) permits service on a corporation, partnership, or association by following Rule 4(e)(1), and Rule 4(e)(1) permits service by following

state law in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

35. For Cloud Equity Group, Plaintiff requests authorization to serve the Amended Complaint, summons, and the Court's order by the same methods previously authorized in the Court's June 18, 2026 Order [ECF No. 23]:

a. Email to sfrank@cloudequitygroup.com;

b. Certified mail, return receipt requested, and first-class U.S. mail to Cloud Equity Group's registered office at 14 Wall Street, 20th Floor, New York, New York 10005; and

c. Certified mail, return receipt requested, and first-class U.S. mail to Sean Frank's residential address at 56 Leonard Street, Unit 21AE, New York, New York 10013.

36. For CEGSOFI, Plaintiff requests authorization to serve the Amended Complaint, summons, and the Court's order by:

a. Email to sfrank@cloudequitygroup.com because Sean Frank is understood to own and control the CEGSOFI entity and because the same email address was previously accepted by this Court as reasonably calculated to reach him;

b. Email to gli@cloudequitygroup.com, the email address listed for Gary Li on Cloud Equity Group's website, https://cloudequitygroup.com/our_team.html, and the same email address through which Plaintiffs communicated with Mr. Li during their employment;

c. Certified mail, return receipt requested, and first-class U.S. mail to CEGSOFI's principal, mailing, and authorized-person address at 14 Wall Street, Suite 2036, New York, New York 10005.

37. If the Court determines additional safeguards are necessary, Plaintiff also requests authorization to effect supplemental service by posting the Amended Complaint, summons, and the Court's order at 14 Wall Street, Suite 2036, New York, New York 10005 and/or 14 Wall Street, 20th Floor, New York, New York 10005, together with mailing copies to the same addresses.

38. These methods are targeted to the entities' known public addresses, their authorized persons, and Sean Frank—the individual who owns and controls both Cloud Equity Group and CEGSOFI. They are also consistent with the same layered service approach the Court previously found reasonably calculated to provide Cloud Equity Group with constitutionally adequate notice.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

a. Taking notice that Plaintiff intends to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B);

b. Authorizing Plaintiff to serve Cloud Equity Group, LLC, pursuant to Federal Rule of Civil Procedure 4(h)(1)(A) and 4(e)(1), Florida Statutes § 48.102, and New York C.P.L.R. § 311-a(b), with the Amended Complaint, summons, and the Court's order by the same alternate methods previously authorized in the Court's June 18, 2026 Order, including email to sfrank@cloudequitygroup.com and certified and first-class mail to Cloud Equity Group, LLC's registered office and to Sean Frank's residential address;

c. Authorizing Plaintiff to serve CEGSOFI with the Amended Complaint, summons, and the Court's order by email to sfrank@cloudequitygroup.com and gli@cloudequitygroup.com, and by certified and first-class mail to CEGSOFI's principal and mailing address, its publicly listed authorized-person addresses, and Sean Frank's residential address;

d. Deeming service complete upon transmission of the authorized emails and mailing of the authorized service packets;

e. Requiring Plaintiff to file proof of service within seven days after completing service, including email transmission confirmations, proof the emails were not returned as undeliverable, certified mail receipts, and/or affidavits of service by mail; and

f. Granting such other and further relief as the Court deems just and proper.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), I hereby certify that the undersigned conferred with counsel for Defendants On The Map, Inc. and Richard D. Hoskins regarding the relief sought in this Motion, and that those Defendants do not oppose the relief sought herein. Undersigned counsel has been unable to confer with Defendant Cloud Equity Group, LLC or putative Defendant CEGSOFI-ONTHEMAP LLC regarding the relief sought herein.

Respectfully submitted this 21st day of August 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*