Case 1:26-cv-20744-AHS Document 34 Entered on F

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postmark Here
Postage
$
Total Postage and Fees
$ 12,47
Sent To
CEGSOFI-onthe MAP LLC OnThe Map Marketing
Street and Apt. No., or PO Box No.
14 Wall street Suite 2036
City, State, ZIP+4®
New York, New York 10005
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 4375 5213 14

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTR

for the

Southern District of Flori

JUAN-PABLO MEJIA, KALIA CABELLO, BRAYAN LARA, and ANTHONY QUINTERO

*Plaintiff(s)*

v.

Civil

CEGSOFI-ONTHEMAP LLC d/b/a ON THE MAP MARKETING and CLOUD EQUITY GROUP, LLC

*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Cloud Equity Group, LLC
14 Wall Street, 20th Floor
New York, New York 10005

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Brian H. Pollock, Esq.
Patrick Brooks LaRou, Esq.
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884
brian@fairlawattorney.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Angela E. Noble
Clerk of Court

SUMMONS

s/ Dimas Rodriguez
Deputy Clerk
U.S. District Courts

Date: 09/04/2026

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

JUAN-PABLO MEJIA, KALIA CABELLO, BRAYAN LARA, and ANTHONY QUINTERO

*Plaintiff(s)*

v.

CEGSOFI-ONTHEMAP LLC d/b/a ON THE MAP MARKETING and CLOUD EQUITY GROUP, LLC

*Defendant(s)*

Civil Action No. 1:26-cv-20744-AHS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CEGSOFI-ONTHEMAP LLC
d/b/a On The Map Marketing
14 Wall Street, Suite 2036
New York, New York 10005

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Brian H. Pollock, Esq.
Patrick Brooks LaRou, Esq.
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884
brian@fairlawattorney.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

**SUMMONS**

Date: 09/04/2026

Angela E. Noble
Clerk of Court

*s/ Dimas Rodriguez*
Deputy Clerk
U.S. District Courts

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:26-CV-20744-SINGHAL/STRAUSS

JUAN-PABLO MEJIA,
KALIA CABELLO,
BRAYAN LARA, and
ANTHONY QUINTERO,

Plaintiffs,

vs.

CEGSOFI-ONTHEMAP LLC
d/b/a ON THE MAP MARKETING,
and CLOUD EQUITY GROUP, LLC,

Defendants.
_________________________________/

**AMENDED COMPLAINT**

Plaintiffs Juan-Pablo Mejia, Kalia Cabello, Brayan Lara, and Anthony Quintero sue Defendants, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing and Cloud Equity Group, LLC, as follows:

***Parties, Jurisdiction, and Venue***

1. **Plaintiff, Juan-Pablo Mejia**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Plaintiff, Kalia Cabello**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

3. **Plaintiff, Brayan Lara**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

4. **Plaintiff, Anthony Quintero**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

5. **Defendant, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing ("OTM")**, is a *sui juris* Florida for-profit corporation that was authorized to conduct and conducted its for-profit internet marketing and search engine optimization ("SEO") business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

6. **Defendant, Cloud Equity Group, LLC ("Cloud Equity Group")**, is a *sui juris* New York for-profit corporation that was authorized to conduct and conducted its for-profit web hosting and cloud-based infrastructure private equity business in New York County, New York, at all times material, where it maintains its principal place of business. It is an owner of OTM and made operational and/or other decisions affecting or regarding OTM in this District.

7. This Court has original jurisdiction over Plaintiffs' federal question claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*., and pendent/supplemental jurisdiction over their related claims brought under Florida state law.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because Defendants transact business in this District, because Plaintiffs worked and were due to be paid in this District, and because most, if not all, of the operational decisions were made in this District.

9. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiffs.

10. Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

***FLSA Jurisdictional Allegations***
**(Plaintiffs Mejia and Cabello – Applicable to Counts I Through III)**

11. Plaintiffs Mejia and Cabello each consent to participate in this lawsuit.

12. Plaintiffs Mejia and Cabello were each employees of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

13. Plaintiffs Mejia and Cabello were each non-exempt employees of Defendants entitled to the protections of the FLSA.

14. Plaintiff Mejia worked as an "SEO Manager" for Defendants from approximately January 2023 to February 2026. His job duties included improving visibility of clients' websites online, planning out digital content, analyzing client websites to discover technical errors, and implementing and managing search engine optimization ("SEO") and digital marketing strategies.

15. Plaintiff Cabello worked as a "Customer Success Manager" for Defendants from approximately July 22, 2022 to October 24, 2025. Her job duties included familiarizing herself with SEO, managing clients' search engine campaigns, providing clients with updates, making recommendations and optimizations, and handling client accounts.

16. Plaintiffs Mejia and Cabello are each individually covered by the FLSA because, in the performance of their job duties, each was personally and directly engaged in interstate commerce. Specifically, Plaintiffs Mejia and Cabello each regularly and recurrently used instrumentalities of interstate commerce — including the internet, interstate electronic communications, and internet-based platforms and software — to perform digital marketing, SEO, customer management, and client services work on Defendants' behalf, and regularly transmitted and received electronic communications, data, and work product across state lines in the course of their employment.

17. In addition to, and independent of, their individual coverage described above, Plaintiffs' work also supports enterprise coverage because it utilized goods, materials, and instrumentalities that moved through interstate commerce, including computers, computer software, web hosting services, analytics tools, and search engines.

18. In performing their job duties, Plaintiffs Mejia and Cabello followed standardized processes, templates, and protocols established by Defendants, rather than exercising discretion and independent judgment with respect to matters of significance. Neither Plaintiff Mejia nor Plaintiff Cabello had the authority to deviate from Defendants' established processes, to negotiate, alter, or waive the terms of Defendants' agreements with clients, to set pricing, or to otherwise bind Defendants to any course of action.

19. Neither Plaintiff Mejia nor Plaintiff Cabello supervised or directed the work of any other employee of Defendants, and neither had the authority to hire, fire, discipline, or promote any other employee, nor to make recommendations regarding the hiring, firing, discipline, or promotion of any other employee that were given particular weight.

20. Accordingly, at no time material were Plaintiffs Mejia or Cabello employed in a bona fide executive, administrative, professional, computer, or outside sales capacity, or otherwise exempt from the FLSA's minimum wage or overtime requirements under 29 U.S.C. § 213 or any other provision of the FLSA.

21. To the extent that records exist regarding the exact dates of Plaintiffs Mejia's and Cabello's employment, Defendants are believed to have such records, or the FLSA required Defendants to make and keep these records.

22. Defendants collectively operated as the direct employers, joint employers, and co-employers of Plaintiffs Mejia and Cabello for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. § 203(d), for the reasons set forth below.

23. Upon information and belief, Defendant Cloud Equity Group is and was, at all times material, a joint employer of Plaintiffs Mejia and Cabello, together with Defendant OTM, because Cloud Equity Group possessed and/or exercised, directly or indirectly: (a) the authority to hire and fire OTM's employees, including Plaintiffs; (b) the authority to supervise and control OTM employees' work schedules and the conditions of their employment; (c) the authority to determine the rate and method of payment of OTM's employees, including Plaintiffs; and (d) the authority to maintain, or direct the maintenance of, employment records for OTM's employees, including Plaintiffs.

24. Upon information and belief, Cloud Equity Group and OTM operated as a single, integrated enterprise and/or joint employers of Plaintiffs Mejia and Cabello because, among other things: (a) Cloud Equity Group and OTM shared interrelated and integrated business operations; (b) Cloud Equity Group exercised centralized control over OTM's labor relations, personnel functions, and payroll practices, including decisions affecting Plaintiffs' compensation and employment; (c) Cloud Equity Group and OTM shared common management, ownership, and/or officers, directors, and supervisory personnel who directed, or had the authority to direct, the work of OTM's employees, including Plaintiffs; and (d) Cloud Equity Group, as the owner and controlling entity of OTM, had the power to control, and exercised control over, significant aspects of OTM's day-to-day business functions, including personnel and payroll matters affecting Plaintiffs.

25. Cloud Equity Group's ownership interest in, and managerial control over, OTM was not passive. Rather, upon information and belief, Cloud Equity Group actively directed and/or participated in decisions concerning OTM's staffing levels, payroll, and compensation practices, including the decisions and practices that resulted in Defendants' failure to pay Plaintiffs Mejia and Cabello all wages owed as alleged herein.

26. As a result of the foregoing, Cloud Equity Group is jointly and severally liable with OTM for the FLSA violations alleged herein as a joint employer and/or as part of a single, integrated enterprise with OTM.

27. Defendants regularly employed two or more employees, including Plaintiffs Mejia and Cabello, for the relevant time that engaged in interstate commerce and/or handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' internet marketing and SEO business an enterprise covered by and subject to the requirements imposed by the FLSA.

28. In particular, Defendant OTM owns and operates an internet marketing and SEO business that provides digital marketing, SEO, and online advertising services to clients while using payment processing, computers, computer networking equipment, computer software, telephones, telephone equipment, and other goods, materials, and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

29. Upon information and belief, Defendant OTM regularly and routinely provides digital marketing and SEO services to, and otherwise conducts business with, clients and customers located in states other than Florida, and regularly transacts business, communicates, and exchanges

payments with such out-of-state clients and customers using instrumentalities of interstate commerce, including the internet, telephone, email, and interstate electronic funds transfers.

30. Defendant Cloud Equity Group owns and operates a private equity firm and is the owner/controlling entity of Defendant OTM. Cloud Equity Group is and was, at all relevant times, engaged in interstate commerce and the operation and control of OTM's business. In particular, Cloud Equity Group exercised ownership and/or managerial control over OTM, including oversight of business operations and financial matters. It also regularly and routinely engaged in interstate commerce as a foreign company that exchanges funds, emails, and electronic communications with OTM while utilizing computers, computer software, electronic communication systems, and other goods, materials, and supplies that were previously placed in the stream of commerce from outside of the State of New York to engage in interstate commerce.

31. Upon information and belief, Defendants store, process, and transmit client and business data, including payroll and business records, using cloud-based servers and hosting infrastructure located outside the State of Florida, and Defendants' employees, including Plaintiffs, regularly transmitted and received electronic communications, files, and data across state lines using such infrastructure in the performance of their job duties.

32. Defendants engage in interstate commerce in the course of regular and recurrent sending and/or receipt of money outside of the State of Florida, including through agreements with out-of-state vendors for payment processing, web design, creative and analytics software, and other digital marketing-related goods and services.

33. Defendants also engage in e-commerce through the internet on their websites, onthemap.com, which is registered through GoDaddy.com, LLC, a foreign corporation, and cloudequitygroup.com, which is registered through eNom, LLC, a foreign corporation.

34. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000.00 for each fiscal quarter during the preceding three years.

**<u>COUNT I – FLSA MINIMUM WAGE VIOLATION(S)</u>**
**(Plaintiff Juan-Pablo Mejia Against All Defendants)**

Plaintiff, Juan-Pablo Mejia, reincorporates and re-alleges paragraphs 1 and 5 through 34 as though set forth fully herein, and further alleges as follows:

35. The FLSA requires each covered employer to pay each eligible non-exempt employee at least the direct minimum wage of $7.25 per hour.

36. Defendants did not pay Plaintiff Mejia at least the minimum wage of $7.25 per hour by failing to pay him any wages for approximately 320 hours of work he performed during the following semi-monthly pay periods, for which paychecks were due on or about August 15, 2025, August 31, 2025, September 15, 2025, and February 15, 2026:

a. July 16, 2025 through July 31, 2025, for the paycheck due on or about August 15, 2025 (approximately 80 hours);

b. August 1, 2025 through August 15, 2025, for the paycheck due on or about August 31, 2025 (approximately 80 hours);

c. August 16, 2025 through August 31, 2025, for the paycheck due on or about September 15, 2025 (approximately 80 hours); and

d. January 16, 2026 through January 31, 2026, for the paycheck due on or about February 15, 2026 (approximately 80 hours).

37. Plaintiff Mejia suffered damages because Defendants did not pay him at least the federal minimum wage of $7.25 per hour for all hours worked during the periods identified above.

38. Defendants willfully and intentionally refused to pay Plaintiff Mejia wages of at least the federal minimum wage rate during the relevant time period.

39. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff Mejia at least the applicable federal minimum wage rate for each hour worked during the relevant time violated the Fair Labor Standards Act, intentionally misled Plaintiff Mejia into believing they were not required to pay at least the applicable federal minimum wage, and/or devised a scheme that deprived Plaintiff Mejia of receiving at least the federal minimum wage for each hour worked.

40. Plaintiff Mejia is entitled to recover from Defendants, jointly and severally, all minimum wages earned but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

**WHEREFORE** Plaintiff, Juan-Pablo Mejia, demands the entry of judgment in his favor and against Defendants, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing and Cloud Equity Group, LLC, jointly and severally, after trial by jury, and as follows:

a. That Plaintiff Mejia be awarded compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff Mejia be awarded pre-judgment interest on all unpaid wages if the Court does not award liquidated damages;

c. That Plaintiff Mejia be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff Mejia be awarded all other interest allowed by law;

e. That the Court declare Defendants to have willfully violated the FLSA; and

f. That Plaintiff Mejia be awarded such other and further relief as this Court deems just and proper.

**COUNT II – FLSA MINIMUM WAGE VIOLATION(S)**
**(Plaintiff Kalia Cabello Against All Defendants)**

Plaintiff, Kalia Cabello, reincorporates and re-alleges paragraphs 2 and 5 through 34 as though set forth fully herein, and further alleges as follows:

41. The FLSA requires each covered employer to pay each eligible non-exempt employee at least the direct minimum wage of $7.25 per hour.

42. Defendants did not pay Plaintiff Cabello at least the minimum wage of $7.25 per hour by failing to pay her any wages for work she performed during the following pay periods, for which paychecks were due on or about September 15, 2025, October 31, 2025, and November 15, 2025:

a. August 15, 2025 through August 31, 2025, for the paycheck due on or about September 15, 2025;

b. October 1, 2025 through October 15, 2025, for the paycheck due on or about October 31, 2025; and

c. October 16, 2025 through October 24, 2025, for the paycheck due on or about November 15, 2025.

43. Plaintiff Cabello suffered damages because Defendants did not pay her at least the federal minimum wage of $7.25 per hour for all hours worked during the periods identified above.

44. Defendants willfully and intentionally refused to pay Plaintiff Cabello wages of at least the federal minimum wage rate during the relevant time period.

45. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff Cabello at least the applicable federal minimum wage rate for each hour worked during the relevant time violated the Fair Labor Standards Act, intentionally misled Plaintiff Cabello into believing they were not required to pay at least the applicable federal minimum wage, and/or devised a scheme that deprived Plaintiff Cabello of receiving at least the federal minimum wage for each hour worked.

46. Plaintiff Cabello is entitled to recover from Defendants, jointly and severally, all minimum wages earned but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

**WHEREFORE** Plaintiff, Kalia Cabello, demands the entry of judgment in her favor and against Defendants, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing and Cloud Equity Group, LLC, jointly and severally, after trial by jury, and as follows:

a. That Plaintiff Cabello be awarded compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff Cabello be awarded pre-judgment interest on all unpaid wages if the Court does not award liquidated damages;

c. That Plaintiff Cabello be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff Cabello be awarded all other interest allowed by law;

e. That the Court declare Defendants to have willfully violated the FLSA; and

f. That Plaintiff Cabello be awarded such other and further relief as this Court deems just and proper.

**COUNT III – FLSA OVERTIME VIOLATION(S)**
**(Plaintiff Kalia Cabello Against All Defendants)**

Plaintiff, Kalia Cabello, reincorporates and re-alleges paragraphs 2 and 5 through 34 as though set forth fully herein, and further alleges as follows:

47. Plaintiff Cabello regularly and routinely worked over 40 hours in one or more workweeks for Defendants during the relevant period, including workweeks of up to approximately 50 hours.

48. Defendants did not pay Plaintiff Cabello overtime wages calculated at one and one-half times Plaintiff Cabello's regular rate of pay for all hours worked over 40 hours in a given workweek.

49. Plaintiff Cabello suffered damages because Defendants did not pay her any overtime wages she earned during the time relevant to this lawsuit.

50. Defendants willfully and intentionally refused to pay Plaintiff Cabello wages at one and one-half times Plaintiff Cabello's regular rate of pay for each hour of overtime she worked during the relevant time period.

51. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff Cabello time and one-half overtime wages, based on Plaintiff Cabello's regular rate of pay, for the

overtime hours worked during the relevant time violated the FLSA, intentionally misled Plaintiff Cabello into believing they were not required to pay overtime wages, and/or devised a scheme that deprived Plaintiff Cabello of the overtime pay earned.

52. Plaintiff Cabello is entitled to recover from Defendants, jointly and severally, all overtime wages earned but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

**WHEREFORE** Plaintiff, Kalia Cabello, demands the entry of judgment in her favor and against Defendants, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing and Cloud Equity Group, LLC, jointly and severally, after trial by jury, and as follows:

a. That Plaintiff Cabello be awarded unpaid overtime wages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff Cabello be awarded pre-judgment interest on all unpaid wages if the Court does not award liquidated damages;

c. That Plaintiff Cabello be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff Cabello be awarded all other interest allowed by law;

e. That the Court declare Defendants to have willfully violated the FLSA; and

f. That Plaintiff Cabello be awarded such other and further relief as this Court deems just and proper.

**COUNT IV – BREACH OF CONTRACT**
**(Plaintiff Juan-Pablo Mejia Against CEGSOFI-ONTHEMAP LLC)**

Plaintiff, Juan-Pablo Mejia, reincorporates and re-alleges paragraphs 1 and 5 through 10 as though set forth fully herein, and further alleges as follows:

53. Through this claim, Plaintiff Mejia seeks recovery of the "gap time" wages that he earned, but did not receive, while working for OTM. *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 U.S. Dist. LEXIS 136499 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013); and *Monahan v. Cty. of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996)).

54. Plaintiff Mejia and Defendant OTM agreed that in exchange for Plaintiff Mejia expending time and effort on OTM's behalf, OTM would compensate him at a salary of $32,000.00 per year, and later increased his base salary to $42,000.00 per year on June 15, 2024, payable in semi-monthly installments.

55. Plaintiff Mejia performed under the parties' contract(s)/agreement(s) by doing the work requested of him.

56. Defendant OTM, however, failed and refused to perform its obligation to timely pay Plaintiff Mejia at the agreed-upon salary of $42,000.00 per year in semi-monthly installments for the pay periods referenced in Paragraph 36 above, thereby materially breaching the parties' agreement.

57. Plaintiff Mejia has been damaged as a direct and proximate result of Defendant OTM's breach of the parties' agreement through its failure to timely pay him approximately $7,000.00 for the work he performed during the pay periods referenced in Paragraph 36 above.

**WHEREFORE** Plaintiff, Juan-Pablo Mejia, demands the entry of judgment in his favor and against Defendant, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing, after trial by jury, for approximately $7,000.00 in breach of contract damages suffered, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. § 448.08, and for such other and further relief as this Court deems just and proper.

**COUNT V – BREACH OF CONTRACT**
**(Plaintiff Kalia Cabello Against CEGSOFI-ONTHEMAP LLC)**

Plaintiff, Kalia Cabello, reincorporates and re-alleges paragraphs 2 and 5 through 10 as though set forth fully herein and further alleges as follows:

58. Through this claim, Plaintiff Cabello seeks recovery of the "gap time" wages that she earned, but did not receive, while working for OTM. *See e.g., Jernigan*, 2017 U.S. Dist. LEXIS 136499 (citing *Davis*, 765 F.3d at 244; *Botting*, 2015 WL 10324134; *Lundy*, 711 F.3d 106; and *Monahan*, 95 F.3d at 1280.

59. Plaintiff Cabello and Defendant OTM entered into an agreement under which Plaintiff Cabello agreed to perform work for OTM in exchange for compensation.

60. Specifically, Plaintiff Cabello and Defendant OTM agreed that in exchange for Plaintiff Cabello expending time and effort on OTM's behalf, OTM would compensate her at $2,708.33 per pay period, or $65,000.00 annually, plus a 2.0% retention-based bonus on monthly payout of book of business and 10% commission on any upsell, with wages paid semi-monthly.

61. Plaintiff Cabello performed under the parties' contract(s)/agreement(s) by doing the work requested of her.

62. Defendant OTM, however, failed and refused to perform its obligation to timely pay Plaintiff Cabello at the agreed-upon salary of $65,000.00 per year in semi-monthly installments

for the pay periods referenced in Paragraph 42 above, thereby materially breaching the parties' agreement.

63. Defendant OTM's failure to pay Plaintiff Cabello the compensation owed materially breached the parties' contract(s)/agreement(s).

64. Plaintiff Cabello has been damaged as a direct and proximate result of Defendant OTM's breach of the parties' agreement through its failure to timely pay her approximately $7,019.38 for the work she performed during the unpaid pay periods.

**WHEREFORE** Plaintiff, Kalia Cabello, demands the entry of judgment in her favor and against Defendant, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing, after trial by jury, for approximately $7,019.38 in breach of contract damages suffered, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. § 448.08, and for such other and further relief as this Court deems just and proper.

**COUNT VI – BREACH OF CONTRACT**
**(Plaintiff Brayan Lara Against CEGSOFI-ONTHEMAP LLC)**

Plaintiff, Brayan Lara, reincorporates and re-alleges paragraphs 3 and 5 through 10 as though set forth fully herein, and further alleges as follows:

65. Plaintiff Lara and Defendant OTM entered into an agreement under which Plaintiff Lara agreed to perform work for OTM in exchange for compensation.

66. Specifically, Plaintiff Lara and Defendant OTM agreed that in exchange for Plaintiff Lara expending time and effort on OTM's behalf, OTM would compensate him at a salary of $65,000.00 per year, later increased to $85,000.00 per year in April 2025, plus a 30% commission on charges for new services or deals with existing clients.

67. Plaintiff Lara performed under the parties' contract(s)/agreement(s) by doing the work requested of him.

68. Defendant OTM failed and refused to perform its obligation to timely pay Plaintiff Lara all compensation owed for the work he performed, in the approximate total amount of approximately $24,769.49, for the following pay periods, for which payment was due on or about August 15, 2025, August 30, 2025, September 15, 2025, December 15, 2025, December 31, 2025, and January 15, 2026:

a. July 16, 2025 through July 30, 2025, for the payment due on or about August 15, 2025;

b. August 1, 2025 through August 15, 2025, for the payment due on or about August 30, 2025;

c. August 16, 2025 through August 30, 2025, for the payment due on or about September 15, 2025;

d. November 16, 2025 through November 30, 2025, for the payment due on or about December 15, 2025;

e. December 1, 2025 through December 15, 2025, for the payment due on or about December 31, 2025; and

f. December 16, 2025 through December 31, 2025, for the payment due on or about January 15, 2026.

69. Defendant OTM's failure to pay Plaintiff Lara the compensation owed materially breached the parties' contract(s)/agreement(s).

70. Plaintiff Lara has been damaged as a direct and proximate result of Defendant OTM's breach of the parties' agreement through its failure to timely pay him approximately $24,769.49 in wages and commissions.

**WHEREFORE** Plaintiff, Brayan Lara, demands the entry of judgment in his favor and against Defendant, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing, after trial by jury, for approximately $24,769.49 in breach of contract damages suffered, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. § 448.08, and for such other and further relief as this Court deems just and proper.

**COUNT VII – BREACH OF CONTRACT**
**(Plaintiff Anthony Quintero Against CEGSOFI-ONTHEMAP LLC)**

Plaintiff, Anthony Quintero, reincorporates and re-alleges paragraphs 4 through 10 as though set forth fully herein and further alleges as follows:

71. Plaintiff Quintero and Defendant OTM entered into an agreement under which Plaintiff Quintero agreed to perform work for OTM in exchange for compensation.

72. Specifically, Plaintiff Quintero and Defendant OTM agreed that in exchange for Plaintiff Quintero expending time and effort on OTM's behalf, OTM would compensate him at a salary of $90,000.00 per year, payable in semi-monthly installments, plus commissions of 10% on upsells.

73. Plaintiff Quintero performed under the parties' contract(s)/agreement(s) by doing the work requested of him.

74. Defendant OTM failed and refused to perform its obligation to timely pay Plaintiff Quintero all compensation owed for the work he performed, including two missing checks due on or about August 15, 2025 and August 30, 2025 totaling approximately $5,000.00, one check due

on or about February 28, 2026 in the amount of approximately $2,951.00, and one check due on or about March 15, 2026 in the amount of approximately $3,849.00, for a total of approximately $11,800.00.

75. Defendant OTM's failure to pay Plaintiff Quintero the compensation owed materially breached the parties' contract(s)/agreement(s).

76. Plaintiff Quintero has been damaged as a direct and proximate result of Defendant OTM's breach of the parties' agreement through its failure to timely pay him approximately $11,800.00 in earned wages.

**WHEREFORE** Plaintiff, Anthony Quintero, demands the entry of judgment in his favor and against Defendant, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing, after trial by jury, for approximately $11,800.00 in breach of contract damages suffered, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. § 448.08, and for such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs Juan-Pablo Mejia, Kalia Cabello, Brayan Lara, and Anthony Quintero demand a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of September 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.26-CV-20744-SINGHAL/STRAUSS

JUAN-PABLO MEJIA,

Plaintiff,

vs.

ON THE MAP, INC.
d/b/a ON THE MAP MARKETING,
CLOUD EQUITY GROUP, LLC, and
RICHARD D. HOSKINS,

Defendants.
____________________________________/

**ORDER GRANTING PLAINTIFF'S MOTION TO AUTHORIZE ALTERNATE SERVICE OF AMENDED COMPLAINT[1]**

**THIS CAUSE** came before the Court on Plaintiff Juan-Pablo Mejia's Notice of Intent to File Amended Complaint and Motion to Authorize Alternate Service of Amended Complaint (the "Motion") (DE [30]). The Court, having reviewed the Motion, the supporting exhibits, and the record in this case, and being otherwise duly advised in the premises, finds that: (1) Plaintiff may amend his Complaint once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B); (2) the alternate-service methods this Court previously authorized for Defendant Cloud Equity Group, LLC in its June 18, 2026 Order (DE [23]) remain reasonably calculated to provide Cloud Equity Group, LLC with constitutionally adequate notice of the Amended Complaint; and (3) Plaintiff has demonstrated an inability to effectuate personal service on putative Defendant CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing ("CEGSOFI") through conventional

[1] The Court adopts the language proposed by Plaintiff with minor alterations.

means, and the proposed alternate methods of service on CEGSOFI are reasonably calculated to provide CEGSOFI with constitutionally adequate notice of this action.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion (DE [30]) is **GRANTED**.

2. Plaintiff shall file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) under separate docket entry by **September 3, 2026.**

3. Plaintiff is authorized to serve Defendant Cloud Equity Group, LLC with the Amended Complaint, summons, and a copy of this Order pursuant to Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1), Florida Statutes § 48.102, and New York Civil Practice Law and Rules § 311-a(b), by the following methods:

   (a) **Email Service**: Plaintiff may serve the Amended Complaint, summons, and a copy of this Order on Cloud Equity Group, LLC by transmitting those documents by email to sfrank@cloudequitygroup.com, the publicly advertised business email address of Sean Frank, Cloud Equity Group, LLC's founder, managing partner, and registered agent;

   (b) **Certified and First-Class Mail**: Plaintiff may serve the Amended Complaint, summons, and a copy of this Order on Cloud Equity Group, LLC by certified mail, return receipt requested, and by first-class U.S. mail to:

      i. Cloud Equity Group, LLC's registered office and address for service of process at 14 Wall Street, 20th Floor, New York, New York 10005; and

ii. The residential address of Cloud Equity Group, LLC's registered agent and managing partner, Sean Frank, at 56 Leonard Street, Unit 21AE, New York, New York 10013; and/or

(c) **Supplemental Service**: If necessary, Plaintiff is authorized to effect supplemental service by posting the Amended Complaint, summons, and this Order at the registered office located at 14 Wall Street, 20th Floor, New York, New York 10005, and/or at 56 Leonard Street, Unit 21AE, New York, New York 10013, together with mailing copies of those documents to the same addresses.

4. Plaintiff is authorized to serve putative Defendant CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing ("CEGSOFI") with the Amended Complaint, summons, and a copy of this Order pursuant to Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1) and Florida Statutes § 48.102, by the following methods:

(a) **Email Service**: Plaintiff may serve the Amended Complaint, summons, and a copy of this Order on CEGSOFI by transmitting those documents by email to:

i. sfrank@cloudequitygroup.com, the email address of Sean Frank, whom Plaintiff understands owns and controls CEGSOFI; and

ii. gli@cloudequitygroup.com, the publicly advertised business email address of Gary Li, an authorized person for CEGSOFI; and/or

(b) **Certified and First-Class Mail**: Plaintiff may serve the Amended Complaint, summons, and a copy of this Order on CEGSOFI by

certified mail, return receipt requested, and by first-class U.S. mail to:

i. CEGSOFI's principal, mailing, and authorized-person address at 14 Wall Street, Suite 2036, New York, New York 10005; and

ii. The residential address of Sean Frank at 56 Leonard Street, Unit 21AE, New York, New York 10013; and/or

(c) **Supplemental Service**: If necessary, Plaintiff is authorized to effect supplemental service by posting the Amended Complaint, summons, and this Order at 14 Wall Street, Suite 2036, New York, New York 10005, and/or at 14 Wall Street, 20th Floor, New York, New York 10005, together with mailing copies of those documents to the same addresses.

5. Service on Cloud Equity Group, LLC and CEGSOFI shall be deemed complete upon Plaintiff's transmission of the authorized email(s) and/or mailing of the authorized service packets pursuant to paragraphs 3 and 4 above.

6. Plaintiff shall file proof of service within seven (7) days of completing service under this Order, including any email transmission confirmations, proof the emails were not returned as undeliverable, certified mail receipts, and/or affidavits of service by mail.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 31st day of August 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel of record via CM/ECF