UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:26-CV-20744-SINGHAL/STRAUSS

JUAN-PABLO MEJIA,
KALIA CABELLO,
BRAYAN LARA, and
ANTHONY QUINTERO,

Plaintiffs,

vs.

CEGSOFI-ONTHEMAP LLC
d/b/a ON THE MAP MARKETING,
and CLOUD EQUITY GROUP, LLC,

Defendants.
_______________________________/

**PLAINTIFFS' MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST DEFENDANTS CEGSOFI-ONTHEMAP LLC d/b/a ON THE MAP MARKETING AND CLOUD EQUITY GROUP, LLC**

Plaintiffs, Juan-Pablo Mejia, Kalia Cabello, Brayan Lara, and Anthony Quintero, through undersigned counsel and pursuant to Federal Rule of Civil Procedure 55(a), move the Clerk of Court to enter a default against Defendants, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing ("CEGSOFI") and Cloud Equity Group, LLC ("Cloud Equity Group") (collectively, "Defendants"), and in support state as follows:

1. On August 31, 2026, the Court entered its Order Granting Plaintiff's Motion to Authorize Alternate Service of Amended Complaint [ECF No. 31] (the "Order"), which authorized Plaintiffs to serve Defendants with the Amended Complaint, summons, and a copy of the Order by email and by certified and first-class U.S. mail. [ECF No. 31 ¶¶ 3–4.] The Order

provides that service on Defendants "shall be deemed complete upon Plaintiff's transmission of the authorized email(s) and/or mailing of the authorized service packets." [*Id.* ¶ 5.]

2. Plaintiffs filed their Amended Complaint on September 3, 2026 [ECF No. 32], and the Clerk issued summonses to both Defendants on September 4, 2026 [ECF No. 34].

3. On September 8, 2026, Plaintiffs mailed the Court-authorized service packets, each containing the summons, Amended Complaint, and Order, by certified mail and first-class U.S. mail to each address authorized in the Order. [ECF No. 35-1 ¶¶ 7, 9, 11.] USPS tracking reflects that the certified mailings to Cloud Equity Group and CEGSOFI were delivered on September 21, 2026. [*Id.* ¶¶ 8, 10; ECF Nos. 35-3, 35-5.]

4. On October 5, 2026, Plaintiffs transmitted the Amended Complaint, summonses, and Order by email to sfrank@cloudequitygroup.com and gli@cloudequitygroup.com. [ECF No. 35-1 ¶ 12; ECF No. 35-7.] The email was delivered that day, was opened at sfrank@cloudequitygroup.com that evening, and has not been returned as undeliverable. [ECF No. 35-1 ¶¶ 13–14; ECF Nos. 35-8, 35-9.]

5. Plaintiffs filed their Notice of Filing Proof of Service, with the sworn Declaration of undersigned counsel and supporting exhibits, on October 8, 2026. [ECF No. 35.]

6. Service on each Defendant was therefore complete no later than October 5, 2026. [ECF No. 31 ¶ 5.] Each Defendant was required to serve an answer or a motion under Rule 12 within 21 days after service, that is, no later than October 26, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

7. As of the date of this Motion, neither Defendant has served or filed an answer, a motion under Rule 12, or any other response to the Amended Complaint. Neither Defendant has appeared in this action, and neither has sought or obtained an extension of time to respond.

**MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Defendants' failure to plead or otherwise defend is shown by the record: the Order authorizing alternate service and deeming service complete upon transmission and mailing [ECF No. 31]; the Notice of Filing Proof of Service and sworn Declaration of undersigned counsel, with supporting exhibits [ECF Nos. 35, 35-1 through 35-9]; and the docket, which reflects no appearance, response, or request for an extension of time by either Defendant. Both Defendants are business entities, not individuals, so neither is a minor, an incompetent person, or a servicemember. Because the time for Defendants to respond to the Amended Complaint has expired, entry of a Clerk's default is required under Rule 55(a). A proposed Clerk's Default is attached as Exhibit "A."

WHEREFORE Plaintiffs, Juan-Pablo Mejia, Kalia Cabello, Brayan Lara, and Anthony Quintero, request that the Clerk of Court enter a default pursuant to Federal Rule of Civil Procedure 55(a) against Defendants, CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing and Cloud Equity Group, LLC, for their failure to plead or otherwise defend against the Amended Complaint [ECF No. 32] within the time required by law.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of October 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, and that I further served a true and correct copy of the foregoing, together with the proposed Clerk's Default, on Defendants by email to sfrank@cloudequitygroup.com and gli@cloudequitygroup.com, and by U.S. Mail to: (i) Cloud Equity Group, LLC, 14 Wall Street, 20th Floor, New York, New York 10005; (ii) CEGSOFI-ONTHEMAP LLC d/b/a On The Map Marketing, 14 Wall Street, Suite 2036, New York, New York 10005; and (iii) Sean Frank, 56 Leonard Street, Unit 21AE, New York, New York 10013.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*