**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JUAN-PABLO MEJIA,
KAILA CABELLO,
BRAYAN LARA, and
ANTHONY QUINTERO

CASE NO: 1:26-cv-20744-AHS

*Plaintiffs*,

v.

CEGSOFI-ONTHEMAP LLC
d/b/a ON THE MAP
MARKETING, and
CLOUD EQUITY GROUP, LLC,

*Defendants*.
_______________________________________________/

**DEFENDANTS' MOTION TO SET ASIDE CLERK'S DEFAULT AND VACATE ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE**

COMES NOW the Defendant, CLOUD EQUITY GROUP, LLC ("Defendants"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure, moves to set aside the Clerk's Entry of Default and vacate the Order on Default Final Judgment Procedure, and in support thereof states:

## INTRODUCTION

Defendants are entitled to Rule 4 service of process because Plaintiff's Second Amended Complaint [DE 32] added new claims for relief against the Defendants, and this Court has entered a Default against the Defendants. Plaintiff never sought leave to serve the Defendants with the Second Amended Complaint via alternative means, and for this reason the Order on Default Judgment Procedure [DE 40] must be vacated.

## STATEMENT OF FACTS

1. Plaintiff filed the instant action on February 4, 2026. [DE 1]

2. On February 18, 2026, Plaintiff filed its First Amended Complaint. [DE 2]

3. Plaintiff initially made no attempt to serve the Defendants, and no summonses were issued within 90 days of the filing of the Complaint. [DE 13]

4. On April 3, 2026, this Court entered its Order to Show Cause, and ordered the Plaintiff to "perfect service upon Defendant or show cause why this action should not be dismissed for failure to perfect service of process." [DE 13]

5. On May 8, 2026, this Court entered its Order Granting in Part and Denying In Part Plaintiff's Motion to Perfect Service, and ordered the Plaintiff to serve the Defendant by June 5, 2026, or in the alternative, for Plaintiff to move to serve Defendants by alternative means. [DE 16]

6. Plaintiff made its Motion to Authorize Alternative Service on Cloud Equity Group, LLC on June 5, 2026. [DE 22]

7. On September 21, 2026, this Court authorized the Plaintiff to serve the Defendants with the First Amended Complaint via alternative means, and authorized Plaintiff to file its *First* Amended Complaint by September 3, 2026. [DE 31]

8. Plaintiff filed its *Second* Amended Complaint on September 3, 2026. [DE 32]

9. Plaintiff has never sought leave to file a *Second* Amended Complaint.

10. Plaintiff made no attempt to personally serve the Defendants with the *Second* Amended Complaint pursuant to Federal Rule of Civil Procedure 4.

11. Instead, the *Second* Amended Complaint was allegedly delivered by certified mail on September 21, 2026, and Plaintiff allegedly emailed it to the Defendants on October 5, 2026.

12. On October 27, 2026, the Clerk entered a default against the Defendants. [DE 39]



Trembly Law Firm – 9700 S. Dixie Highway, Penthouse 1100 – Miami, Florida 33156
Ph. (305) 431-5678 - www.tremblylaw.com

13. On November 4, 2026, the Court entered its Order on Default Final Judgment Procedure. [DE 40]

14. No default final judgment has been entered.

## MEMORANDUM OF LAW

15. Under the Federal Rules of Civil Procedure, this Court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55 Good cause exists because this Court never properly authorized alternative service of the Second Amended Complaint.

> "[D]efault judgments are disfavored. Courts prefer adjudication on the merits. *See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396 (5th Cir. 1981).* Since this case involves a default judgment **there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment.** In promulgating Rule 5(a) and Rule 4 requiring personal service of pleadings asserting new or additional claims for relief on parties in default for failure to appear, the Supreme Court made no exception where the amending party does not actively seek the additional claim or where a court does not grant the requested relief."
>
> Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada, 674 F.2d 1365, 1369–70 (11th Cir. 1982) (emphasis added)

16. Failure to make proper service of process on a Defendant is good cause to vacate a default against a Defendant. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir.1982) (finding a judgment void under Rule 60(b)(4) where the defendant was not properly served); *see also Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) ("An elementary and fundamental requirement of due process in any proceeding ... accorded finality is notice reasonably calculated, under all the circumstances,



Trembly Law Firm – 9700 S. Dixie Highway, Penthouse 1100 – Miami, Florida 33156
Ph. (305) 431-5678 - www.tremblylaw.com

to apprise interested parties of the ... action and [to] afford them an opportunity to present their objections." (citations omitted)).

17. This Court's Order Granting Plaintiff's Motion to Authorize Alternate Service of Amended Complaint [DE 31] contains the following provision:

> Complaint (the "Motion") (DE [30]). The Court, having reviewed the Motion, the supporting exhibits, and the record in this case, and being otherwise duly advised in the premises, finds that: (1) Plaintiff may amend his Complaint once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B); (2) the alternate-service methods this Court previously authorized for Defendant Cloud Equity Group, LLC in its June 18, 2026 Order (DE [23]) remain reasonably calculated to provide Cloud Equity Group, LLC with constitutionally adequate notice of the Amended Complaint; and (3) Plaintiff has

18. This Order is materially defective. It describes Docket Entry 31 as the Plaintiff's Amended Complaint, and states that Plaintiff was allowed to "amend his Complaint once as a matter of course." However, Docket Entry 31 is Plaintiff's *Second* Amended Complaint because the Plaintiff already filed an Amended Complaint on February 18, 2026. [DE 7] Nowhere did Plaintiff ever request leave to amend its First Amended Complaint, and nowhere did this Court grant such relief. To-wit, this Court has made no finding as to whether the Plaintiff should have been granted leave to amend its already-amended complaint.

19. Later in the Order, the Court rules that:

> Plaintiff shall file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) under separate docket entry by **September 3, 2026.**



Trembly Law Firm – 9700 S. Dixie Highway, Penthouse 1100 – Miami, Florida 33156
Ph. (305) 431-5678 - www.tremblylaw.com

20. The Amended Complaint authorized by this Order was already made on February 18, 2026, and is marked Docket Entry 7. By filing its First Amended Complaint, the Plaintiff already used its only opportunity to amend pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), which is the specific grounds under which Plaintiff was authorized to file any amendment. [DE 31]

21. "No service is required on a party who is in default for failing to appear. **But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.**" Fed. R. Civ. P. 5(a)(2). Thus, the two questions before the Court now are: (1) Is the Defendant in default? and; (2) does the Second Amended Complaint assert new claims for relief? Both of these questions are resoundingly answered in the affirmative. A default has already been entered against the Defendants, but no final judgment has yet been issued. [DE 40] Plaintiff's Second Amended Complaint adds three new Plaintiffs and five new counts [DE 32] which were not present in its First Amended Complaint [DE 7].

22. This Court erred by failing to do a new analysis of whether the Second Amended Complaint could have been served by the alternative means that this Court authorized for the First Amended Complaint. A domestic entity must be served under Rule 4(h)(1), either by delivery to an officer or authorized agent or in a manner permitted by Florida law. Fed. R. Civ. P. 4(h)(1), 4(e)(1). Florida law allows a court to authorize service by email or other alternative means **only after the serving party shows that, *despite due diligence*, it could not personally serve the entity**. § 48.102, Fla. Stat. A demonstration of due diligence is the threshold requirement, not a mere formality.

23. Plaintiff never met that requirement. The alternate-service authorization in Docket Entry 31 was granted with respect to Plaintiff's *First* Amended Complaint, not its *Second*

Amended Complaint. Because the Second Amended Complaint adds new claims for relief, the Defendants are entitled to every procedural protection which was available to them for the original Complaint.

> With this new information the defendant is entitled to take a position on the new claim for relief […] The defendant is entitled to make these strategy decisions following notice of the new or additional claim for relief, irrespective of whether upon hindsight plaintiff has actively pursued that claim.
>
> Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada, 674 F.2d 1365, 1369 (11th Cir. 1982)

24. The Plaintiffs never got authorization to file their Second Amended Complaint, and never got proper leave from the Court to serve the Defendants via alternative means, despite the fact that the Defendants are entitled to brand new ‘clean sheet’ service of process under Rule 4 and Rule 5. For these reasons, the Order on Default Final Judgment Procedure [DE 40] must be vacated, and no default final judgment may issue against Defendants.

WHEREFORE, the Defendants, CEGSOFI-ONTHEMAP LLC d/b/a ON THE MAP MARKETING, and CLOUD EQUITY GROUP, LLC, respectfully requests that the Court: (a) set aside the Clerk's Entry of Default [DE 39]; (b) vacate the Order on Default Final Judgment Procedure [DE 40]; (c) grant any further relief the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Undersigned counsel certifies that on November 23, 2026, undersigned counsel conferred with Plaintiff's counsel by Email in a good-faith effort to resolve the issues raised in this Motion, and Plaintiff opposes the relief sought in the instant motion.

**Dated:** November 24, 2026

Respectfully submitted,

**TREMBLY LAW FIRM**
*Counsel for Defendants*
9700 South Dixie Highway, PH 1100
Miami, Florida 33156
Telephone: (305) 431-5678
E-Mail: arturo@tremblylaw.com
E-Mail: wbolinger@tremblylaw.com
E-Mail: service@tremblylaw.com

By: */s/ Arturo Arca*
**Arturo A. Arca, Esq.**
Florida Bar No. 63354

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 24, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve all counsel of record registered to receive electronic notices.

*/s/ Arturo Arca*
**Arturo A. Arca, Esq.**